## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **RISE BAUSCH AND JOSEPH BAUSCH**<br>1030 Coyote Way<br>Dammeron Valley, UT  84783<br>　　　　Plaintiffs,<br><br>　　　　　　vs.<br><br>**ELI LILLY AND COMPANY**<br>Lilly Corporate Center<br>Indianapolis, IN  46285<br><br>and<br><br>**BRISTOL-MYERS SQUIBB COMPANY**<br>a successor of E.R. SQUIBB & SONS, INC.<br>P. O. Box 4500<br>Princeton, NJ  08543<br><br>and<br><br>**PHARMACIA and UPJOHN COMPANY**<br>(a/k/a THE UPJOHN COMPANY)<br>100 Route 206 North<br>Peapack, NJ  07977<br><br>and<br><br>**ABBOTT LABORATORIES, INC.**<br>100 Abbott Park Road<br>Abbott Park, IL  60064<br><br>and<br><br>**DART INDUSTRIES, INC.**, a successor to<br>**REXALL DRUG COMPANY, INC.**<br>w/s/o:  Sheila AnnMarie Moeller, Esq.<br>　　　　Gilbride, Tusa, Last & Spellane LLC<br>　　　　31 Brookside Drive<br>　　　　Greenwich, CT 06836<br><br>and | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)　　**CIVIL ACTION** _____<br><br>　　**SUPERIOR COURT NO. 07-0004536**<br><br><br>　　**DEFENDANT ELI LILLY AND**<br>　　**COMPANY'S NOTICE OF**<br>　　**REMOVAL OF CIVIL ACTION** |

2546555v1

GLAXOSMITHKLINE, INC.,                    )
a successor to S.E. Massengill and        )
Burroughs-Wellcome Co.,                   )
1500 K Street, NW                         )
Washington, D.C.  20005                   )
                                          )
and                                       )
                                          )
PREMO PHARMACEUTICAL                      )
LABORATORIES, INC.                        )
w/s/o:  Corporation Trust Co.             )
        820 Bear Tavern Road              )
        West Trenton, NJ 08628            )
                                          )
and                                       )
                                          )
ORTHO MCNEIL LABS, INC.                   )
Camp Hill Road                            )
Ft. Washington, PA  19034                 )
                                          )
and                                       )
                                          )
PERSON & COVEY, INC.                      )
616 Allen Avenue                          )
Glendale, CA  91221                       )
                                          )
and                                       )
                                          )
MERCK & COMPANY, INC.                     )
P. O. Box 4                               )
West Point, PA  19486                     )
                                          )
and                                       )
                                          )
LANNETT COMPANY, INC.                     )
C/O Samuel Gratz, CEO                     )
9000 State Road                           )
Philadelphia, PA  19136                   )
                                          )
and                                       )
                                          )
                                          )
                                          )
                                          )
                                          )

2546555v1

**ELAN PHARMACEUTICALS,**                    )
**A successor to CARNRICK**                   )
**LABORATORIES, INC.,**                        )
**w/s/o:  CT Corporation**                     )
      **1025 Vermont Avenue, NW**      )
      **Washington, DC 20005**         )
                           )
                 **Defendants.**      )

_____ )

## DEFENDANT ELI LILLY AND COMPANY'S
## <u>NOTICE OF REMOVAL OF CIVIL ACTION</u>

      Defendant Eli Lilly and Company ("Lilly"), pursuant to 28 U.S.C. §§ 1441 and 1446, notices the removal of this action from the Superior Court of the District of Columbia, Civil Division, to this Court.  The grounds for removal are as follows:

## <u>INTRODUCTION</u>

      1.     On July 2, 2007, Plaintiffs filed this case against Lilly, Bristol-Myers Squibb Company ("Squibb"), Pharmacia and Upjohn Company ("Upjohn"), Dart Industries, Inc. ("Dart"), GlaxoSmithKline ("Glaxo"), Premo Pharmaceutical Laboratories, Inc. ("Premo"), Person & Covey, Inc. ("Person & Covey"), Merck & Company, Inc. ("Merck"), Abbott Laboratories, Inc. ("Abbott"), Elan Pharmaceuticals ("Elan"), Ortho-McNeil Labs, Inc. ("Ortho") and Lannett Company, Inc. ("Lannett").  The action is styled as *Rise Bausch and Joseph Bausch v. Eli Lilly and Company, et al.*, Civil Action No. 07-0004536, in the Superior Court of the District of Columbia, Civil Division.  In their Complaint, Plaintiffs allege that Rise Bausch's *in utero* exposure to diethylstilbestrol ("DES") caused uterine and cervical malformations, infertility, ectopic pregnancies and that Rise Bausch incurred medical expenses for care and treatment, and suffered physical and mental pain and suffering. *See* Complaint at ¶ 4.

2.      Pursuant to 28 U.S.C. § 1446(a), Lilly has attached "a copy of all process, pleadings, and orders served upon such defendant or defendants in such action" as **Exhibit A.**

## NOTICE OF REMOVAL IS TIMELY

3.      Plaintiffs served their Complaint in this action on Lilly on July 10, 2007. The Complaint was the first pleading received by Lilly setting forth the claims for relief on which this action is based. Thus, the filing of this Notice is within the initial 30-day time period set forth in 28 U.S.C. § 1446(b) in which to remove a case based on diversity jurisdiction. Therefore, this Notice of Removal is timely.

## DIVERSITY JURISDICTION EXISTS

4.      This Court has original jurisdiction over this action under 28 U.S.C. § 1332 and this case may be removed pursuant to 28 U.S.C. § 1441 because, as explained more fully below, it is a civil action in which the amount in controversy exceeds $75,000, exclusive of interest and costs, and involves a controversy between citizens of different states. This action is being removed to the District Court for the district where the action is pending.

5.      Title 28, U.S.C. § 1441(b) states that suits that do not arise under federal law are removable "if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." Plaintiffs filed this action in the Superior Court of the District of Columbia. No Defendant in this action is a citizen of the District of Columbia.

6.      Upon information and belief, Plaintiffs are citizens of Utah. *See* caption of Plaintiffs' Complaint, listing Plaintiffs' residence in Dammeron Valley, Utah.

2546555v1

7.    Lilly is a corporation organized under the laws of the State of Indiana with its principal place of business located in Indiana. Pursuant to 28 U.S.C. § 1332(c)(1), Lilly is a citizen of Indiana.

8.    Squibb is a corporation organized under the laws of the State of Delaware with its principal place of business located in New York. Pursuant to 28 U.S.C. § 1332(c)(1), Squibb is a citizen of Delaware and New York. Squibb has consented to removal. *See* Squibb consent to removal attached hereto as **Exhibit B**.

9.    Upjohn is a corporation organized under the laws of the State of Delaware with its principal place of business located in Michigan. Pursuant to 28 U.S.C. § 1332(c)(1), Upjohn is a citizen of Delaware and Michigan. Upjohn has consented to removal. *See* Upjohn Consent to Removal attached hereto as **Exhibit C**.

10.    Dart is a corporation organized under the laws of the State of Delaware with its principal place of business located in Florida. Pursuant to 28 U.S.C. § 1332(c)(1), Dart is a citizen of Delaware and Florida. Dart has consented to removal. *See* Dart Consent to Removal attached hereto as **Exhibit D**.

11.    Glaxo is a corporation organized under the laws of the State of Pennsylvania with a principal place of business located in Pennsylvania. Pursuant to 28 U.S.C. § 1332(c)(1), Glaxo is a citizen of Pennsylvania. Glaxo has consented to removal. *See* Glaxo Consent to Removal attached hereto as **Exhibit E**.

12.    Premo is a corporation organized under the laws of the State of New Jersey with its principal place of business located in Connecticut. Pursuant to 28 U.S.C. §

1332(c)(1), Premo is a citizen of New Jersey and Connecticut.  Premo has consented to removal.  *See* Premo Consent to Removal attached hereto as **Exhibit F**.

13.    Person & Covey is a corporation organized under the laws of the State of California with its principal place of business located in California.  Pursuant to 28 U.S.C. § 1332(c)(1), Person & Covey is a citizen of California.  Based upon information and belief, Person & Covey has not been served with a summons or complaint in this action.

14.    Merck is a corporation organized under the laws of the State of New Jersey with its principal place of business located in New Jersey.  Pursuant to 28 U.S.C. § 1332(c)(1), Merck is a citizen of New Jersey.  Merck has consented to removal.  *See* Merck Consent to Removal attached hereto as **Exhibit G**.

15.    Abbott is a corporation organized under the laws of the State of Illinois with its principal place of business located in Illinois.  Pursuant to 28 U.S.C. § 1332(c)(1), Abbott is a citizen of Illinois.  Abbott has consented to removal.  *See* Abbott Consent to Removal attached hereto as **Exhibit H**.

16.    Elan is a corporation organized under the laws of the State of Delaware with its principal place of business located in California.  Pursuant to 28 U.S.C. § 1332(c)(1), Elan is a citizen of Delaware and California.  Based upon information and belief, Elan has not been served with a summons or complaint in this action.

17.    Ortho is a corporation organized under the laws of the State of Delaware with its principal place of business located in New Jersey.  Pursuant to 28 U.S.C. § 1332(c)(1),

2546555v1

Ortho is a citizen of Delaware and New Jersey. Ortho has consented to removal. *See* Ortho Consent to Removal attached hereto as **Exhibit I**.

18.    Lannett is a corporation organized under the laws of the State of Pennsylvania with its principal place of business located in Pennsylvania. Pursuant to 28 U.S.C. § 1332(c)(1), Lannett is a citizen of Pennsylvania. Lannett has consented to removal. *See* Lannett Consent to Removal attached hereto as **Exhibit J**.

19.    Pursuant to 28 U.S.C. § 1332, complete diversity of citizenship exists.

## AMOUNT IN CONTROVERSY

20.    In their Complaint, Plaintiffs seek $2,000,000 in compensatory damages from Defendants. *See* Complaint at pp. 6-7. Based on Plaintiffs' damages sought, the amount in controversy exceeds $75,000, exclusive of interest and costs.

## REMOVAL TO THIS DISTRICT

21.    Removal venue exists in the United States District Court for the District of Columbia, because the Superior Court of the District of Columbia, Civil Division, is within the District of the District of Columbia. 28 U.S.C. § 1441(a).

22.    Written notice of the filing of the Notice of Removal will be promptly served on the attorney for Plaintiffs, and a copy will be promptly filed with the Clerk of the Superior Court for the District of Columbia, Civil Division, pursuant to 28 U.S.C. § 1446(d). A copy of the Notice of Removal to Federal Court is attached hereto as **Exhibit K.**

2546555v1

23.    As demonstrated above, this Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332(a) because the amount in controversy, exclusive of interest and costs, exceeds the sum or value of $75,000 and is between citizens of different states.

24.    Lilly reserves all defenses, including, without limitation, the defense of lack of personal jurisdiction.

25.    Lilly reserves the right to amend or supplement this Notice of Removal.

WHEREFORE, Lilly gives notice that the matter styled as *Rise Bausch and Joseph Bausch v. Eli Lilly and Company, et al.*, Civil Action No. 07-0004536, in the Superior Court of the District of Columbia, Civil Division, is removed to the United States District Court for the District of Columbia, and requests that this Court retain jurisdiction for all further proceedings.

Respectfully submitted,

Michelle R. Mangrum, D.C. Bar No. 473634
John Chadwick Coots, D.C. Bar No. 461979
SHOOK, HARDY & BACON L.L.P.
600 14th Street, N.W., Suite 800
Washington, DC  20005-2004
Phone:  (202) 783-8400; Fax: (202) 783-4211

and

David W. Brooks
SHOOK, HARDY & BACON L.L.P.
2555 Grand Blvd.
Kansas City, Missouri  64108
Phone: (816) 474-6550; Fax: (816) 421-5547

**ATTORNEYS FOR DEFENDANT
ELI LILLY AND COMPANY**

2546555v1

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 26th day of July, 2007, a true and accurate copy of the foregoing has been furnished by first-class U.S. Mail, postage prepaid, to all counsel of record listed below.

Aaron M. Levine
Aaron M. Levine & Associates
1320 19th Street, N.W., Suite 500
Washington, D.C. 20036
**Attorneys for Plaintiff**

Janet K. Coleman
Daniel Whitney
Whitney & Bogris, LLP
401 Washington Avenue, 12th Floor
Towson, MD 21204
**Attorneys for GlaxoSmithKline,
and Mallinckrodt, Inc.**

Sidney G. Leech
Goodell, DeVries, Leech & Dann, LLP
One South Street, 20th Floor
Baltimore, MD 21202
**Attorneys for Bristol Myers Squibb
Company**

Elizabeth Ewert
Drinker Biddle & Reath, LLP
1500 K Street NW, Suite 1100
Washington, DC 20005
**Attorneys for Merck & Company, Inc.,
Pharmacia and Upjohn Company and
Ortho-McNeil Pharmaceutical, Inc.**

John F. Anderson
Troutman Sanders, LLP
1660 International Drive, Suite 600
McLean, VA 22102
**Attorneys for Dart Industries, Inc.**

Sarah Keast
Goodwin Proctor, LLP
901 New York Avenue, NW, Suite 900
Washington, D.C. 20001
**Attorneys for Premo Pharmaceutical
Laboratories, Inc.**

Kathleen M. Bustraan
Lord & Whip, P.A.
Charles Center South, 10th Floor
36 South Charles Street
Baltimore, MD 21201-3020
**Attorneys for Lannett Company, Inc.**

Sean C.E. McDonough
David D. Hudgins
Hudgins Law Firm
515 King Street, Suite 400
Alexandria, VA 22314
**Attorneys for Person & Covey, Inc.**

Jennifer G. Levy
Kirkland & Ellis, LLP
655 Fifteenth Street NW, Suite 1200
Washington, DC 20005-5793
**Attorneys for Abbott Laboratories, Inc.**

Jaime Luse
Tydings & Rosenberg, LLP
100 East Pratt Street, Suite 2600
Baltimore, MD 21202
**Attorneys for Elan Pharmaceuticals**

**ATTORNEY FOR DEFENDANT
ELI LILLY AND COMPANY**

Exhibit A



# SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
## CIVIL DIVISION

RISE BAUSCH
    Vs.                                              C.A. No.      2007 CA 004536 B
ELI LILLY AND COMPANY

## INITIAL ORDER AND ADDENDUM

Pursuant to D.C. Code § 11-906 and District of Columbia Superior Court Rule of Civil Procedure ("SCR Civ") 40-I, it is hereby **ORDERED** as follows:

(1) Effective this date, this case has assigned to the individual calendar designated below. All future filings in this case shall bear the calendar number and the judge's name beneath the case number in the caption. On filing any motion or paper related thereto, one copy (for the judge) must be delivered to the Clerk along with the original.

(2) Within 60 days of the filing of the complaint, plaintiff must file proof of serving on each defendant: copies of the Summons, the Complaint, and this Initial Order. As to any defendant for whom such proof of service has not been filed, the Complaint will be dismissed without prejudice for want of prosecution unless the time for serving the defendant has been extended as provided in SCR Civ 4(m).

(3) Within 20 days of service as described above, except as otherwise noted in SCR Civ 12, each defendant must respond to the Complaint by filing an Answer or other responsive pleading. As to the defendant who has failed to respond, a default and judgment will be entered unless the time to respond has been extended as provided in SCR Civ 55(a).

(4) At the time and place noted below, all counsel and unrepresented parties shall appear before the assigned judge at an Initial Scheduling and Settlement Conference to discuss the possibilities of settlement and to establish a schedule for the completion of all proceedings, including, normally, either mediation, case evaluation, or arbitration. Counsel shall discuss with their clients **prior** to the conference whether the clients are agreeable to binding or non-binding arbitration. **This order is the only notice that parties and counsel will receive concerning this Conference.**

(5) Upon advice that the date noted below is inconvenient for any party or counsel, the Quality Review Branch (202) 879-1750 may continue the Conference **once**, with the consent of all parties, to either of the two succeeding Fridays. Request must be made not less than six business days before the scheduling conference date. No other continuance of the conference will be granted except upon motion for good cause shown.

Chief Judge Rufus G. King, III

Case Assigned to: Judge RONNA L BECK
Date:  July 2, 2007
Initial Conference: 9:30 am, Friday, October 19, 2007
Location:  Courtroom 518
                500 Indiana Avenue N.W.
                WASHINGTON, DC 20001

Caio.doc

## ADDENDUM TO INITIAL ORDER AFFECTING
## ALL MEDICAL MALPRACTICE CASES

In accordance with the Medical Malpractice Proceedings Act of 2006, D.C. Code § 16-2801, et seq. (2007 Winter Supp.), "[a]fter an action is filed in the court against a healthcare provider alleging medical malpractice, the court shall require the parties to enter into mediation, without discovery or, if all parties agree[,] with only limited discovery that will not interfere with the completion of mediation within 30 days of the Initial Scheduling and Settlement Conference ("ISSC"), prior to any further litigation in an effort to reach a settlement agreement. The early mediation schedule shall be included in the Scheduling Order following the ISSC. Unless all parties agree, the stay of discovery shall not be more than 30 days after the ISSC." D.C. Code § 16-2821.

To ensure compliance with this legislation, on or before the date of the ISSC, the Court will notify all attorneys and *pro se* parties of the date and time of the early mediation session and the name of the assigned mediator. Information about the early mediation date also is available over the internet at https://www:dccourts.gov/pa/. To facilitate this process, all counsel and *pro se* parties in every medical malpractice case are required to confer, jointly complete and sign an EARLY MEDIATION FORM, which must be filed no later than ten (10) calendar days prior to the ISSC. Two separate Early Mediation Forms are available. Both forms may be obtained at www.dccourts.gov/medmalmediation. One form is to be used for early mediation with a mediator from the multi-door medical malpractice mediator roster; the second form is to be used for early mediation with a private mediator. Both forms also are available in the Multi-Door Dispute Resolution Office, Suite 105, 515 5th Street, N.W. (enter at Police Memorial Plaza entrance). Plaintiff's counsel is responsible for eFiling the form and is required to e-mail a courtesy copy to earlymedmal@dcsc.gov. *Pro se* Plaintiffs who elect not to eFile may file by hand in the Multi-Door Dispute Resolution Office.

A roster of medical malpractice mediators available through the Court's Multi-Door Dispute Resolution Division, with biographical information about each mediator, can be found at www.dccourts.gov/medmalmediation/mediatorprofiles. All individuals on the roster are judges or lawyers with at least 10 years of significant experience in medical malpractice litigation. D.C. Code § 16-2823(a). If the parties cannot agree on a mediator, the Court will appoint one. D.C. Code § 16-2823(b).

The following persons are required by statute to attend personally the Early Mediation Conference: (1) all parties; (2) for parties that are not individuals, a representative with settlement authority; (3) in cases involving an insurance company, a representative of the company with settlement authority; and (4) attorneys representing each party with primary responsibility for the case. D.C. Code § 16-2824.

No later than ten (10) days after the early mediation session has terminated, Plaintiff must eFile with the Court a report prepared by the mediator, including a private mediator, regarding: (1) attendance; (2) whether a settlement was reached; or, (3) if a settlement was not reached, any agreements to narrow the scope of the dispute, limit discovery, facilitate future settlement, hold another mediation session, or otherwise reduce the cost and time of trial preparation. D.C. Code § 16-2826. Any Plaintiff who is *pro se* may elect to file the report by hand with the Civil Clerk's Office. The forms to be used for early mediation reports are available at www.dccourts.gov/medmalmediation.

Chief Judge Rufus G. King, III

Caio.doc

**CA Form 1**

# Superior Court of the District of Columbia
## CIVIL DIVISION
500 Indiana Avenue, N.W., Room JM-170
Washington, D.C. 20001 Telephone: 879-1133

| RISE BAUSCH |
|---|
| *Plaintiff* |

VS.

| ELI LILLY AND COMPANY |
|---|
| *Defendant* |

C001556-07

Civil Action No. [                    ]

**SUMMONS**

To the above named Defendant:

　　　You are hereby summoned and required to serve an Answer to the attached Complaint, either personally or through an attorney, within twenty (20) days after service of this summons upon your exclusive of the day of service. If you are being sued as an officer or agency of the United States Government or the District of Columbia Government you have 60 days after service of this summons to serve your Answer. A copy of the Answer must be mailed to the attorney for the party plaintiff who is suing you. The attorney's name and address appear **below**. If plaintiff has no attorney, a copy of the Answer must be mailed to the plaintiff at the address stated on this Summons.

　　　You are also required to file the original Answer with the Court in Room JM 170 at 500 Indiana Avenue. N.W. between 9:00 am. and 4:00 pm., Mondays through Fridays or between 9:00 am. and 12:00 Noon on Saturdays. You may file the original Answer with the Court either before you serve a copy of the Answer on the plaintiff or within five (5) days after you have served the plaintiff If you fail to file an Answer, judgment by default may be entered against you for the relief demanded in the complaint.



*Clerk of the Court*

| Aaron M. Levine |
|---|
| Name of Plaintiff's Attorney |

| 1320 19th St., NW, Suite 500 |
|---|
| Address |

| Washington, DC 20036 |
|---|

| (202) 833-8040 |
|---|
| Telephone |

By _____
Deputy Clerk

Date  JUL 0 2 2007

PUEDE OBTENERSE COPIAS DE ESTE FORMULARIO EN ESPANOL EN EL TRIBUNAL SUPERIOR DEL DISTRITO DE COLUMBIA, 500 INDIANA AVENUE, N.W., SALA JM 170

YOU MAY OBTAIN A COPY OF THIS FORM IN SPANISH AT THE SUPERIOR COURT OF D.C., 500 INDIANA AVENUE, N.W., ROOM JM 170

Form CV(6)-456/Mar. 91

**NOTE:** SEE IMPORTANT INFORMATION ON BACK OF THIS FORM.

IMPORTANT: IF YOU FAIL TO SERVE AND FILE AN ANSWER WITHIN THE TIME STATED ABOVE, OR IF, AFTER YOU ANSWER, YOU FAIL TO APPEAR AT ANY TIME THE COURT NOTIFIES YOU TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY DAMAGES OR OTHER RELIEF DEMANDED IN THE COMPLAINT. IF THIS OCCURS, YOUR WAGES MAY BE ATTACHED OR WITHHELD OR PERSONAL PROPERTY OR REAL ESTATE YOU OWN MAY BE TAKEN AND SOLD TO PAY THE JUDGMENT. IF YOU INTEND TO OPPOSE THIS ACTION, DO NOT *FAIL TO ANSWER WITHIN THE REQUIRED TIME*

If you wish to talk to a lawyer and feel that you cannot afford to pay a fee to a lawyer, promptly contact one of the offices of the Legal Aid Society (628-1 161) or the Neighborhood Legal Services (682-2700) for help or come to Room JM 170 at 500 Indiana Avenue, N.W., for more information concerning where you may ask for such help.

## SUPERIOR COURT FOR THE DISTRICT OF COLUMBIA
### Civil Division

RISE BAUSCH
    and
JOSEPH BAUSCH
1030 Coyote Way
Dammeron Valley, UT 84783

       Plaintiff,

    v.                                                    ] Civil Action No.

ELI LILLY AND COMPANY
Lilly Corporate Center
Indianapolis, IN 46285
w/s/o NATIONAL REGISTERED AGENTS, INC.
1090 Vermont Avenue, NW, #910
Washington, DC 20005

    and

LANNETT COMPANY, INC.
a Pennsylvania Corporation,
c/o Samuel Gratz, CEO
9000 State Road
Philadelphia, PA 19136

    and
BRISTOL-MYERS SQUIBB COMPANY
a successor of E.R. SQUIBB & SONS, INC.
P.O. Box 4500
Princeton, NJ 08543
      w/s/o CT CORPORATION
      1025 Vermont Avenue, N.W.
      Washington, D.C. 20005

    and

PHARMACIA and UPJOHN COMPANY
(aka THE UPJOHN COMPANY)
100 Route 206 North
Peapack, NJ 07977
      w/s/o CT CORPORATION
      1025 Vermont Avenue, N.W.
      Washington, D.C. 20005

    and

0004536-07

RECEIVED
Civil Clerk's Office

JUL 0 2 2007

Superior Court of the
District of Columbia
Washington, D.C.

1

ABBOTT LABORATORIES, INC.          )
100 Abbott Park Road                       )
Abbott Park, IL 60064                       )
w/s/o CT CORPORATION                  )
1025 Vermont Avenue, NW              )
Washington, DC 20036                      )
                                                        )
          and                                        )
                                                        )
DART INDUSTRIES, INC. a successor to  )
REXALL DRUG COMPANY, INC.    )
w/s/o:  Sheila AnnMarie Moeller, Esq.   )
          Gilbride, Tusa, Last & Spellane LLC  )
          31 Brookside Drive                )
          Greenwich, CT  06836          )
                                                        )
          and                                        )
                                                        )
GLAXOSMITHKLINE, INC.,            )
a successor to S. E. Massengill           )
& Burroughs Wellcome Company       )
1500 K Street, NW                           )
Washington, DC  20036                    )
                                                        )
          and                                        )
                                                        )
PREMO PHARMACEUTICAL           )
    LABORATORIES, INC.                 )
w/s/o Corporation Trust Co.               )
820 Bear Tavern Road                       )
West Trenton, NJ  08628                   )
                                                        )
          and                                        )
                                                        )
ORTHO-MCNEIL PHARMACEUTICAL, INC  )
A Delaware Corporation                    )
1000 Route 202 South                       )
Raritan, NJ 08869                            )
                                                        )
          and                                        )
                                                        )
PERSON & COVEY, INC                 )
616 Allen Avenue                            )
Glendale, CA 91221                         )
                                                        )
          and                                        )
                                                        )
MERCK & COMPANY, INC.            )
P.O. Box 4                                       )
West Point, PA 19486                       )
w/s/o CT CORPORATION                  )
1025 Vermont Avenue, NW              )

2



Washington, DC 20036                              ]
                                                  ]
   **and**                                        ]
                                                  ]
**ELAN PHARMACEUTICALS,**                          ]
A successor to CARNRICK                           ]
LABORATORIES, INC.,                               ]
w/s/o   CT Corporation                            ]
        1025 Vermont Avenue, NW                   ]
        Washington, DC 20005                      ]
                                                  ]
                         **Defendants.**          ]

## COMPLAINT
### (DES Litigation – Products Liability)

1.  Jurisdiction is founded upon 11 D.C. Code §921 (1981 ed.).

2.  Defendants are engaged, or have been engaged, in the manufacturing, marketing, sale, promotion, and distribution of pharmaceuticals throughout the United States, and are doing business in the District of Columbia, and sought and obtained industry wide and governmental approval for Diethylstilbestrol ("DES") within the District of Columbia.

## COUNT I
### (Negligence)

3.  On or about 1953 and 1954, during her pregnancy with Rise Bausch, the mother of the Plaintiff herein ingested Diethylstilbestrol ("DES") in New York.  Her physician prescribed said drug during the pregnancy.  The Defendants, acting in concert, manufactured, compounded, packaged, labeled, supplied, sold and advertised DES throughout the United States and the state of New York.

4.  As a result of Plaintiff's embryonic exposure to DES, she suffered injuries, including, uterine and cervical malformations, infertility, ectopic pregnancies and incurred medical expenses for care and treatment, and suffered physical and mental pain and suffering.

3

5. Said injuries were the result of the negligence of Defendants, including, but not limited to, failure to test, failure to warn, over-promotion of DES, and failure to report adverse studies regarding the safety and efficacy of DES.

## COUNT II
### (Strict Liability)

6. All of the allegations contained in Count I are realleged and incorporated herein by reference.

7. DES is, and at all times relevant to this action was, an unreasonably dangerous and defective drug when used by pregnant women for its advertised and intended purpose as a preventative of miscarriage.

8. Defendants are engaged or have been engaged in the business of producing DES, and are, or have been, commercial manufacturers of said drug.

9. Plaintiff's mother purchased and ingested DES during her pregnancy with Plaintiff, and received and ingested DES in the same form and condition as when it left Defendants' possession.

10. Said product was defective when placed on the market by Defendants. DES was sold by Defendants without sufficient warning or instructions. A reasonable seller would not have sold the product had he/she known of the risks involved. The risks were greater than a reasonable buyer would expect.

11. Defendants knew, or should have known, that pregnant women and their attending physicians could not realize and could not detect the dangerous and harmful nature of DES. Clear warnings as to the doubtful efficacy of DES and dangers to unborn children should have been disseminated to overcome Defendants' extensive advertising campaigns proclaiming the safety and efficacy of DES.

4

12. As a result of Defendants' marketing and promotion of said defective and unreasonably dangerous drug, Plaintiff was unreasonably exposed to DES as an unborn child and suffered injury, loss, and damages as aforesaid.

13. By reason of having marketed and promoted DES in its defective and unreasonably dangerous condition, Defendants are strictly liable to Plaintiff for her DES-related injuries, losses, and damages.

## COUNT III
### (Breach of Warranty)

14. All of the allegations contained in Counts I and II are realleged and incorporated herein by reference.

15. At all times relevant to this action, Defendants marketed and promoted DES accompanied by implied and express warranties and representations to physicians and their patients that the drug was efficacious as a miscarriage preventative, and was safe for pregnant women and their unborn children if used as directed for such purposes.

16. Defendants knew, or should have known, that pregnant women, including the mother of Plaintiff and her attending physicians, were relying on Defendants' skills and judgments, and the implied and express warranties and representations.

17. At all times relevant to this action, these implied and express warranties and representatives were false, misleading, and unfounded. In fact, DES was a misbranded drug in violation of federal law, and was neither safe nor efficacious as a miscarriage preventative.

18. As a direct result of the breach of warranties by the Defendants, Plaintiff has been injured as aforesaid.

## COUNT IV

### (Misrepresentation)

5

19. All of the allegations contained in Counts I, II, and III are realleged and incorporated herein by reference.

20. Defendants represented to pregnant women, including the mother of Plaintiff and her attending physicians, in promotion campaigns, advertisements, labeling, and literature that DES was safe, effective, and adequately tested, which representations were made and publicized with the purpose and intent of having physicians and their patients rely on them.

21. The mother of the Plaintiff and her attending physicians, did, in fact, rely on Defendants' representations in his advice about purchase, use, and consumption of DES.

22. At all times relevant to this action, these representations were known to Defendants to be false or they were made by Defendants in conscious, reckless and/or unreasonable disregard of facts available to Defendants, indicating a lack of efficacy and a danger to pregnant women and their unborn children.

23. As a direct result of said false representations by Defendants, Plaintiff was injured as aforesaid.

## COUNT V
### (Loss of Consortium – Joseph Bausch)

24. All of the allegations contained in Counts I, II, III, IV and V are realleged and incorporated herein by reference.

25. Plaintiff, Joseph Bausch is the husband of Rise Bausch. As a result of the negligence, strict liability, breach of warranty, and misrepresentation of Defendants as aforesaid, Plaintiff Joseph Bausch has been deprived of the love, services and affection of his wife, Rise Bausch.

**WHEREFORE**, Plaintiff Rise Bausch, individually, demands judgment against Defendants in the sum of Two Million Dollars ($2,000,000.00) in compensatory damages, jointly and severally, plus costs.

**WHEREFORE,** Plaintiff Joseph Bausch, individually, demands judgment against Defendants, in the sum of One Million Dollars ($1,000,000.00), as compensatory damages plus costs.

Respectfully submitted,

AARON M. LEVINE & ASSOCIATES

Aaron M. Levine, #7864
Brandon J. Levine, #412130
Renee L. Robinson-Meyer, #455375
Steven J. Lewis, #472564
Benjamin J. Cooper, #502149

1320 19th Street, N.W., Suite 500
Washington, D.C.  20036
(202) 833-8040

Counsel for Plaintiff

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury as to all issues of material facts.

Aaron M. Levine

7

## SUPERIOR COURT FOR THE DISTRICT OF COLUMBIA
### Civil Division

RISE BAUSCH, et vir.              *

        Plaintiffs          *

                                    C.A. No.: 07-CA-0004536

v.                     *      Judge: Ronna L. Beck

ELI LILLY & COMPANY, et al.  *

        Defendants       *

        *    *    *    *    *    *    *    *    *

### ANSWER TO COMPLAINT

Bristol-Myers Squibb Company, one of the Defendants, by its attorneys, Sidney G. Leech, Malcolm S. Brisker, and Goodell, DeVries, Leech & Dann, LLP, for an Answer to the Complaint filed against it in the above-captioned case, and each and every count thereof says:

### FIRST DEFENSE

That the Complaint fails to state a claim or claims against this Defendant upon which relief can be granted.

### SECOND DEFENSE

1.    As to Paragraph 1 of the Complaint, this Defendant lacks sufficient information to form a belief as to the truth of the allegations contained in this paragraph and, therefore, can neither admit nor deny the allegations in this paragraph and demands strict proof thereof by the Plaintiffs.

2.    As to Paragraph 2 of the Complaint, this Defendant admits that it has been engaged in and is engaged in the manufacturing, marketing, sale, promotion and

distribution of pharmaceuticals throughout the United States, and this Defendant admits that it is doing business in the District of Columbia; however, this Defendant denies the remainder of this paragraph.

      3.    As to Count I, Paragraphs 3, 4 and 5 of the Complaint, this Defendant denies the allegations of these paragraphs as to it.

      4.    As to Count II, Paragraph 6 of the Complaint, this Defendant incorporates by reference its prior responses to Paragraphs 1 through 5 as fully as if they were repeated verbatim herein.

      5.    As to Count II, Paragraphs 7, 9, 10, 11, 12 and 13 of the Complaint, this Defendant denies the allegations of these paragraphs as to it.

      6.    As to Count II, Paragraph 8 of the Complaint, this Defendant admits that its predecessor was previously engaged in the business of producing DES or was previously a manufacturer of DES.

      7.    As to Count III, Paragraph 14 of the Complaint, this Defendant incorporates by reference its prior responses to Paragraphs 1 through 13 as fully as if they were repeated verbatim herein.

      8.    As to Count III, Paragraphs 15, 16, 17 and 18 of the Complaint, this Defendant denies the allegations of these paragraphs as to it.

      9.    As to Count IV, Paragraph 19 of the Complaint, this Defendant incorporates by reference its prior responses to Paragraphs 1 through 18 as fully as if they were repeated verbatim herein.

      10.    As to Count IV, Paragraphs 20, 21, 22 and 23 of the Complaint, this Defendant denies the allegations of these paragraphs as to it.

11.    As to Count V, Paragraph 24 of the Complaint, this Defendant incorporates by reference its prior responses to Paragraphs 1 through 23 as fully as if they were repeated verbatim herein.

12.    As to Count V, Paragraph 25 of the Complaint, this Defendant denies the allegations of this paragraph as to it.

## AFFIRMATIVE AND OTHER DEFENSES

### FIRST DEFENSE

The Defendant denies any allegation contained in Plaintiffs' Complaint in the above-captioned case to which this Defendant has not specifically responded.

### SECOND DEFENSE

Plaintiffs' causes of action are barred by the applicable statute or statutes of limitation.

### THIRD DEFENSE

Plaintiff's natural mother was guilty of contributory negligence which was a proximate cause of the injuries, damages and losses complained of, which negligence is a complete bar to the recovery by Plaintiff in this case.

### FOURTH DEFENSE

Plaintiff's natural mother assumed the risks inherent in the use of Diethylstilbestrol and her assumption of risk is a complete bar to Plaintiff's recovery in this action.

3

## FIFTH DEFENSE

Plaintiff's natural mother misused or abused the Diethylstilbestrol, which she consumed or ingested, which conduct is a complete bar to Plaintiff's recovery in this case.

## SIXTH DEFENSE

If Plaintiff sustained any of the injuries as alleged in the Complaint, which is hereby expressly denied, there was an intervening cause and/or causes leading to said alleged injuries and, as such, any action on the part of this Defendant was not the proximate cause of Plaintiff's alleged injuries.

## SEVENTH DEFENSE

If Plaintiff sustained any of the injuries as alleged in the Complaint, which is hereby expressly denied, said injuries were caused in whole or in part by the conduct of one or more third persons for whose conduct this Defendant is not responsible or with whom this Defendant had no legal relationship.

## EIGHTH DEFENSE

This Complaint is barred in whole or in part by the application statute or statues of repose.

## NINTH DEFENSE

The Complaint fails to join a necessary party or parties without whom complete relief cannot be granted.

## TENTH DEFENSE

If the product in question was unsafe, then it was unavoidably unsafe.

4

### ELEVENTH DEFENSE

The Plaintiff's causes of action are barred by the doctrine of res judicata or the doctrine of collateral estoppel.

### TWELFTH DEFENSE

If this Defendant's product was ingested by Plaintiff's natural mother, then this Defendant alleges that such product was in conformity with the generally recognized state-of-the-art at the time it was designed, manufactured, inspected, packaged, labeled and sold; therefore, Plaintiffs are barred from recovery.

### THIRTEENTH DEFENSE

Plaintiffs' causes of action are barred by the Doctrine of Laches.

### FOURTEENTH DEFENSE

All of Plaintiffs' causes of action are barred by the Doctrine of Federal Preemption.

### FIFTEENTH DEFENSE

At all applicable times, this Defendant fully complied with all applicable Federal, State, and local statutory and regulatory requirements concerning DES, including those prescribed by the Federal Food, Drug and Cosmetic Act and those promulgated by the Federal Food and Drug Administration.

### SIXTEENTH DEFENSE

The Plaintiffs are barred from recovery in the above-captioned case based on the application of the learned intermediary doctrine.

5

**WHEREFORE**, Bristol-Myers Squibb Company, one of the Defendants, moves this Honorable Court to enter an Order in the above-captioned case, dismissing the Complaint with prejudice as to it, or for such other and further relief as may be appropriate under the circumstances.

/s/ Sidney G. Leech

Sidney G. Leech
D.C. Bar No. 359071
Malcolm S. Brisker
D.C. Bar No. 472101
Goodell, DeVries, Leech & Dann, LLP
One South Street, 20th Floor
Baltimore, Maryland 21202
(410) 783-4000
*Attorneys for Defendant,*
*Bristol-Myers Squibb Company*

6

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 13th day of July, 2007, a copy of the foregoing

Answer to Complaint was mailed first-class, postage prepaid, to:

Aaron M. Levine, Esquire
Aaron M. Levine & Associates, P.A.
1320 19th Street, N.W., Suite 500
Washington, D.C. 20036; *Attorney for Plaintiffs*

Michelle R. Mangrum, Esquire
John Chadwick Coots, Esquire
Brandon J. Waggoner, Esquire
Shook Hardy & Bacon, LLP
600 14th Street, N.W., Suite 800
Washington, D.C. 20005-2004

David W. Brooks, Esquire
Shook Hardy & Bacon, LLP
2555 Grand Blvd.
Kansas City, Missouri 64109; *Attorneys for Defendant Eli Lilly & Company*

Elizabeth Ewert, Esquire
Stephanie Albert, Esquire
Drinker, Biddle Reath, LLP
1500 K Street, N.W., Suite 1100
Washington, D.C. 20005-1209; *Attorneys for Pharmacia and Upjohn Company; Merck
& Company; Ortho-McNeil Pharmaceuticals, Inc.*

John F. Anderson, Esquire
Troutman Sanders, LLP
1660 International Drive
Suite 600, Tysons Corner
McLean, Virginia 22102; *Attorneys for Dart Industries, Inc.*

Kathleen M. Bustraan, Esquire
Lord & Whip, P.A.
Charles Center South
36 South Charles Street – 10th Floor
Baltimore, Maryland 21201; *Attorneys for Lannett Company, Inc.*

Janet Coleman, Esquire
Whitney & Bogris, LLP
401 Washington Avenue, 12th Floor
Towson, MD  21204; *Attorneys for GlaxoSmithKline, Inc.*

Aaron M. Bailey, Esquire
Goodwin Proctor, LLP
911 New York Avenue, Suite 900
Washington, D.C. 20001 ; *Attorneys for Premo Pharmaceutical Laboratories, Inc.*

Jennifer Gardner Levy, Esquire
Kirkland & Ellis
655 15th Street, N.W.
Washington, D.C. 20005-5793; *Attorneys for Abbott Laboratories, Inc.*

Gerry H. Tostanoski, Esquire
Jaime W. Luse, Esquire
Tydings & Rosenberg, LLP
100 East Pratt Street, Suite 2600
Baltimore, Maryland  21202; *Attorneys for Elan Pharmaceuticals*

David D. Hudgins, Esquire
Hudgins Law Firm
515 King Street, Suite 400
Alexandria, Virginia  22314; *Attorneys for Person & Covey, Inc.*


/s/  Sidney G. Leech_____
Sidney G. Leech

8

Exhibit B

THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

```
* * * * * * * * * * * * * * * * * * * * * * * * *
RISE BAUSCH AND JOSEPH BAUSCH          *
1030 Coyote Road                       *
Dammeron Valley, UT  84783             *    CIVIL ACTION _____
                                       *
                Plaintiffs,            *
                                       *
        vs.                            *    SUPERIOR COURT NO. 07-0004536
                                       *
ELI LILLY AND COMPANY, et al.          *
Lilly Corporate Center                 *
Indianapolis, IN  46285                *
                                       *
                                       *
                Defendants.            *
* * * * * * * * * * * * * * * * * * * * * * * * *
```

## DEFENDANT BRISTOL-MYERS SQUIBB COMPANY'S CONSENT TO REMOVAL

Defendant Bristol-Myers Squibb Company, with full reservation of any and all rights and defenses, hereby consents to removal of the above-captioned action, which was originally filed in the Superior Court of the District of Columbia (Case No. 07-0004536), to this Court.

Sidney G. Leech
Goodell, Devries, Leech & Dunn, L.L.P.
One South Street, 20th Floor
Baltimore, Maryland 21202
Telephone: (404) 783-4000
Facsimile: (404) 783-4040

**ATTORNEYS FOR BRISTOL-MYERS
SQUIBB COMPANY**

2098404v1

140955v1

Exhibit C

## THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

**RISE BAUSCH AND JOSEPH BAUSCH**　　　\*
**1030 Coyote Road**　　　　　　　　　　　　\*
**Dammeron Valley, UT  84783**　　　　　　\*　　**CIVIL ACTION** _____
　　　　　　　　　　　　　　　　　　　　　　\*
　　　　　　　　**Plaintiffs,**　　　　　　　　\*
　　　　　　　　　　　　　　　　　　　　　　\*
　　　　**vs.**　　　　　　　　　　　　　　　　\*　　**SUPERIOR COURT NO. 07-0004536**
　　　　　　　　　　　　　　　　　　　　　　\*
**ELI LILLY AND COMPANY, et al.**　　　　　\*
**Lilly Corporate Center**　　　　　　　　　　\*
**Indianapolis, IN  46285**　　　　　　　　　\*
　　　　　　　　　　　　　　　　　　　　　　\*
　　　　　　　　　　　　　　　　　　　　　　\*
　　　　　　　　**Defendants.**　　　　　　　\*

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## DEFENDANT PHARMACIA AND UPJOHN COMPANY'S CONSENT TO REMOVAL

Defendant Pharmacia and Upjohn Company, with full reservation of any and all rights and defenses, hereby consents to removal of the above-captioned action, which was originally filed in the Superior Court of the District of Columbia (Case No. 07-0004536), to this Court.

*Elizabeth Ewert*　　　w/permission BGW

Elizabeth Ewert
Drinker Biddle & Reath, LLP
1500 K Street NW, Suite 1100
Washington, DC 20005

**ATTORNEYS FOR PHARMACIA AND
UPJOHN COMPANY**

140956v1

Exhibit D

THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

```
* * * * * * * * * * * * * * * * * * * * * * * *
RISE BAUSCH AND JOSEPH BAUSCH           *
1030 Coyote Road                        *
Dammeron Valley, UT  84783              *    CIVIL ACTION _____
                                        *
                  Plaintiffs,           *
                                        *
          vs.                           *    SUPERIOR COURT NO. 07-0004536
                                        *
ELI LILLY AND COMPANY, et al.           *
Lilly Corporate Center                  *
Indianapolis, IN  46285                 *
                                        *
                                        *
                  Defendants.           *
* * * * * * * * * * ** * * * * * * * * * * * *
```

## DEFENDANT DART INDUSTRIES INC.'S CONSENT TO REMOVAL

Defendant Dart Industries, Inc., with full reservation of any and all rights and defenses, hereby consents to removal of the above-captioned action, which was originally filed in the Superior Court of the District of Columbia (Case No. 07-0004536), to this Court.

John F. Anderson (Bar # 393764)  w/ perm)  rm BGw
Troutman Sanders, LLP
1660 International Drive, Suite 600
McLean, VA 22102

**ATTORNEYS FOR DART INDUSTRIES, INC.**

140962v1

Exhibit E

THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

```
* * * * * * * * * * * * * * * * * * * * * * * *
RISE BAUSCH AND JOSEPH BAUSCH        *
1030 Coyote Road                     *
Dammeron Valley, UT  84783           *      CIVIL ACTION _____
                                     *
            Plaintiffs,              *
                                     *
        vs.                          *      SUPERIOR COURT NO. 07-0004536
                                     *
ELI LILLY AND COMPANY, et al.        *
Lilly Corporate Center               *
Indianapolis, IN  46285              *
                                     *
                                     *
            Defendants.              *
* * * * * * * * * * * * * * * * * * * * * * * *
```

## DEFENDANT GLAXOSMITHKLINE'S CONSENT TO REMOVAL

Defendant GlaxoSmithKline, with full reservation of any and all rights and defenses, hereby consents to removal of the above-captioned action, which was originally filed in the Superior Court of the District of Columbia (Case No. 07-0004536), to this Court.

_Janet Coleman_    w/ permission BGW
Janet Coleman
Daniel Whitney
Whitney & Bogris, LLP
401 Washington Ave., 12th Floor
Towson, MD 21204

**ATTORNEYS FOR GLAXOSMITHKLINE**

141120v1

Exhibit F

THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

RISE BAUSCH AND JOSEPH BAUSCH    \*
1030 Coyote Road    \*
Dammeron Valley, UT  84783    \*    CIVIL ACTION _____
   \*
           Plaintiffs,    \*
   \*
     vs.    \*    SUPERIOR COURT NO. 07-0004536
   \*
ELI LILLY AND COMPANY, et al.    \*
Lilly Corporate Center    \*
Indianapolis, IN  46285    \*
   \*
   \*
           Defendants.    \*

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## DEFENDANT PREMO PHARMACEUTICAL LABORATORIES, INC.'S CONSENT TO REMOVAL

Defendant Premo Pharmaceutical Laboratories, Inc., with full reservation of any and all rights and defenses, hereby consents to removal of the above-captioned action, which was originally filed in the Superior Court of the District of Columbia (Case No. 07-0004536), to this Court.

_____
Sarah Keast
Goodwin Procter LLP
901 New York Ave., NW, Suite 900
Washington, D.C. 20001

**ATTORNEYS FOR PREMO
PHARMACEUTICAL LABORATORIES,
INC.**

140963v1

Exhibit G

## THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*
**RISE BAUSCH AND JOSEPH BAUSCH**        \*
**1030 Coyote Road**                     \*
**Dammeron Valley, UT  84783**           \*    **CIVIL ACTION** _____
                                         \*
                  **Plaintiffs,**        \*
                                         \*
           **vs.**                       \*    **SUPERIOR COURT NO. 07-0004536**
                                         \*
**ELI LILLY AND COMPANY, et al.**        \*
**Lilly Corporate Center**               \*
**Indianapolis, IN  46285**              \*
                                         \*
                                         \*
                  **Defendants**.        \*
\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## DEFENDANT MERCK & COMPANY, INC.'S CONSENT TO REMOVAL

Defendant Merck and Company, Inc., with full reservation of any and all rights

and defenses, hereby consents to removal of the above-captioned action, which was originally

filed in the Superior Court of the District of Columbia (Case No. 07-0004536), to this Court.

*Elizabeth Ewert*                 w/ permission BGW
Elizabeth Ewert
Drinker Biddle & Reath, LLP
1500 K Street NW, Suite 1100
Washington, DC 20005

**ATTORNEYS FOR**
**MERCK & COMPANY, INC.**

# Exhibit H

THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

RISE BAUSCH AND JOSEPH BAUSCH    \*
1030 Coyote Road    \*
Dammeron Valley, UT  84783    \*    CIVIL ACTION _____
    \*
    Plaintiffs,    \*
    \*
    vs.    \*    SUPERIOR COURT NO. 07-0004536
    \*
ELI LILLY AND COMPANY, et al.    \*
Lilly Corporate Center    \*
Indianapolis, IN  46285    \*
    \*
    \*
    Defendants.    \*

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## DEFENDANT ABBOTT
## LABORATORIES, INC.'S CONSENT TO REMOVAL

Defendant Abbott Laboratories, Inc., with full reservation of any and all rights and defenses, hereby consents to removal of the above-captioned action, which was originally filed in the Superior Court of the District of Columbia (Case No. 07-0004536), to this Court.

*Jennifer Levy* by permission BGW

Jennifer G. Levy
Kirkland & Ellis, LLP
655 Fifteenth Street NW, Suite 1200
Washington, DC 20005-5793

**ATTORNEYS FOR ABBOTT
LABORATORIES, INC.**

140961v1

Exhibit I

## THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

```
* * * * * * * * * * * * * * * * * * * * * * * *
RISE BAUSCH AND JOSEPH BAUSCH        *
1030 Coyote Road                     *
Dammeron Valley, UT  84783           *      CIVIL ACTION _____
                                     *
            Plaintiffs,              *
                                     *
        vs.                          *      SUPERIOR COURT NO. 07-0004536
                                     *
ELI LILLY AND COMPANY, et al.        *
Lilly Corporate Center               *
Indianapolis, IN  46285              *
                                     *
                                     *
            Defendants.              *
* * * * * * * * * * ** * * * * * * * * * * * *
```

### DEFENDANT ORTHO-MCNEIL
### PHARMACEUTICAL, INC.'S CONSENT TO REMOVAL

Defendant Ortho-McNeil Pharmaceutical, Inc., with full reservation of any and all rights and defenses, hereby consents to removal of the above-captioned action, which was originally filed in the Superior Court of the District of Columbia (Case No. 07-0004536), to this Court.

_Elizabeth Ewert_
w/ permission EBW

Elizabeth Ewert
Drinker Biddle & Reath, LLP
1500 K Street NW, Suite 1100
Washington, DC 20005

**ATTORNEYS FOR ORTHO-MCNEIL PHARMACEUTICAL, INC.**

140958v1

Exhibit J

THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

```
* * * * * * * * * * * * * * * * * * * * * * * * *
RISE BAUSCH AND JOSEPH BAUSCH    *
1030 Coyote Road                 *
Dammeron Valley, UT  84783       *     CIVIL ACTION _____
                                 *
               Plaintiffs,       *
                                 *
        vs.                      *     SUPERIOR COURT NO. 07-0004536
                                 *
ELI LILLY AND COMPANY, et al.    *
Lilly Corporate Center           *
Indianapolis, IN  46285          *
                                 *
                                 *
               Defendants.       *
* * * * * * * * * * * * * * * * * * * * * * * * *
```

## DEFENDANT LANNETT COMPANY INC'S CONSENT TO REMOVAL

Defendant Lannett Company Inc., with full reservation of any and all rights and defenses, hereby consents to removal of the above-captioned action, which was originally filed in the Superior Court of the District of Columbia (Case No. 07-0004536), to this Court.

_Kathleen Bustraan_
_____
Kathleen M. Bustraan
Lord & Whip, P.A.
Charles Center South, 10th Floor
36 South Charles Street
Baltimore, MD 21201-3020

**ATTORNEYS FOR LANNETT COMPANY, INC.**

140968v1

Exhibit K

SUPERIOR COURT FOR THE DISTRICT OF COLUMBIA
CIVIL DIVISION

| | | |
|---|---|---|
| **RISE BAUSCH AND JOSEPH BAUSCH** | ) | |
| 1030 Coyote Way | ) | |
| Dammeron Valley, UT  84783 | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | |
| **vs.** | ) | |
| | ) | |
| **ELI LILLY AND COMPANY** | ) | |
| **Lilly Corporate Center** | ) | |
| **Indianapolis, IN  46285** | ) | |
| | ) | |
| **and** | ) | |
| | ) | |
| **BRISTOL-MYERS SQUIBB COMPANY** | ) | |
| **a successor of E.R. SQUIBB & SONS, INC.** | ) | |
| **P. O. Box 4500** | ) | |
| **Princeton, NJ  08543** | ) | |
| | ) | |
| **and** | ) | **SUPERIOR COURT NO.** 07-0004536 |
| | ) | |
| **PHARMACIA and UPJOHN COMPANY** | ) | |
| **(a/k/a THE UPJOHN COMPANY)** | ) | **NOTICE OF REMOVAL TO** |
| **100 Route 206 North** | ) | **FEDERAL COURT** |
| **Peapack, NJ  07977** | ) | |
| | ) | |
| **and** | ) | |
| | ) | |
| **ABBOTT LABORATORIES, INC.** | ) | |
| **100 Abbott Park Road** | ) | |
| **Abbott Park, IL  60064** | ) | |
| | ) | |
| **and** | ) | |
| | ) | |
| **DART INDUSTRIES, INC., a successor to** | ) | |
| **REXALL DRUG COMPANY, INC.** | ) | |
| w/s/o:  **Sheila AnnMarie Moeller, Esq.** | ) | |
| **Gilbride, Tusa, Last & Spellane LLC** | ) | |
| **31 Brookside Drive** | ) | |
| **Greenwich, CT 06836** | ) | |
| | ) | |
| **and** | ) | |
| | ) | |

GLAXOSMITHKLINE, INC.,                        )
a successor to S.E. Massengill and            )
Burroughs-Wellcome Co.,                       )
1500 K Street, NW                             )
Washington, D.C. 20036                        )
                                              )
and                                           )
                                              )
PREMO PHARMACEUTICAL                          )
LABORATORIES, INC.                            )
w/s/o: Corporation Trust Co.                  )
        820 Bear Tavern Road                  )
        West Trenton, NJ 08628                )
                                              )
and                                           )
                                              )
ORTHO MCNEIL LABS, INC.                       )
Camp Hill Road                                )
Ft. Washington, PA 19034                      )
                                              )
and                                           )
                                              )
PERSON & COVEY, INC.                          )
616 Allen Avenue                              )
Glendale, CA 91221                            )
                                              )
and                                           )
                                              )
MERCK & COMPANY, INC.                         )
P. O. Box 4                                   )
West Point, PA 19486                          )
                                              )
and                                           )
                                              )
LANNETTE COMPANY INC.                         )
c/o Samuel Gratz, CEO                         )
9000 State Road                               )
Philadelphia, PA 19136                        )
                                              )
and                                           )
                                              )
                                              )
                                              )
                                              )
                                              )

2

**ELAN PHARMACEUTICALS,**        )
**A successor to CARNRICK**       )
**LABORATORIES, INC.,**           )
**w/s/o: CT Corporation**         )
     **1025 Vermont Avenue, NW**   )
     **Washington, DC 20005**      )
                         )
           **Defendants.**        )
                         )
_____ )

## NOTICE OF REMOVAL TO FEDERAL COURT

TO:    THE CLERK OF THE SUPERIOR COURT OF THE DISTRICT OF COLUMBIA,
       CIVIL DIVISION

       PLEASE TAKE NOTICE that on the 26th day of July, 2007, Defendant Eli Lilly

and Company filed in the United States District Court for the District of Columbia, a Notice of

Removal of the above-styled action. A true and accurate copy of such Notice of Removal is

attached hereto as Exhibit "1" and is incorporated herein by reference.

       Pursuant to 28 U.S.C. § 1446(d), the filing of the attached Notice of Removal has

effected the removal of the above-styled action, and the Superior Court of the District of

Columbia, Civil Division, should proceed no further unless and until this case is remanded.

                        Respectfully submitted,

                        Michelle R. Mangrum, D.C. Bar No. 473634
                        John Chadwick Coots, D.C. Bar No. 461979
                        SHOOK, HARDY & BACON L.L.P.
                        600 14th Street, N.W., Suite 800
                        Washington, DC  20005-2004
                        Phone:  (202) 783-8400; Fax: (202) 783-4211

                        and

2546631v1

David W. Brooks
SHOOK, HARDY & BACON L.L.P.
2555 Grand Blvd.
Kansas City, Missouri 64108
Phone: (816) 474-6550; Fax: (816) 421-5547

**ATTORNEYS FOR DEFENDANT**
**ELI LILLY AND COMPANY**

4

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 26th day of July, 2007 a true and accurate copy of the foregoing has been furnished by first-class U.S. Mail, postage prepaid, to all counsel of record listed below.

Aaron M. Levine
Aaron M. Levine & Associates
1320 19th Street, N.W., Suite 500
Washington, D.C. 20036
**Attorneys for Plaintiff**

Janet K. Coleman
Daniel Whitney
Whitney & Bogris, LLP
401 Washington Avenue, 12th Floor
Towson, MD 21204
**Attorneys for GlaxoSmithKline,
and Mallinckrodt, Inc.**

Sidney G. Leech
Goodell, DeVries, Leech & Dann, LLP
One South Street, 20th Floor
Baltimore, MD 21202
**Attorneys for Bristol Myers Squibb
Company**

Elizabeth Ewert
Drinker Biddle & Reath, LLP
1500 K Street NW, Suite 1100
Washington, DC 20005
**Attorneys for Merck & Company, Inc.,
Pharmacia and Upjohn Company and
Ortho-McNeil Pharmaceutical, Inc.**

John F. Anderson
Troutman Sanders, LLP
1660 International Drive, Suite 600
McLean, VA 22102
**Attorneys for Dart Industries, Inc.**

Sarah Keast
Goodwin Proctor, LLP
901 New York Avenue, NW, Suite 900
Washington, D.C. 20001
**Attorneys for Premo Pharmaceutical
Laboratories, Inc.**

Kathleen M. Bustraan
Lord & Whip, P.A.
Charles Center South, 10th Floor
36 South Charles Street
Baltimore, MD 21201-3020
**Attorneys for Lannett Company, Inc.**

Sean C.E. McDonough
David D. Hudgins
Hudgins Law Firm
515 King Street, Suite 400
Alexandria, VA 22314
**Attorneys for Person & Covey, Inc.**

Jennifer G. Levy
Kirkland & Ellis, LLP
655 Fifteenth Street NW, Suite 1200
Washington, DC 20005-5793
**Attorneys for Abbott Laboratories, Inc.**

Jaime Luse
Tydings & Rosenberg, LLP
100 East Pratt Street, Suite 2600
Baltimore, MD 21202
**Attorneys for Elan Pharmaceuticals**

_John Chadwick Coats_

**ATTORNEY FOR DEFENDANT
ELI LILLY AND COMPANY**

2546631v1

JS-44
(Rev.1/05 DC)

# CIVIL COVER SHEET

E 07-1362
JOB

## I (a) PLAINTIFFS

IRISE BAUSCH
IJOSEPH BAUSCH
I1030 Coyote Way
Dammeron Valley, UT 84783

88888

## DEFENDANTS

IELI LILLY & COMPANY. et al.,
Lilly Corporate Center
IIndianapolis, IN 46285

**(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF**  Washington, UT
**(EXCEPT IN U.S. PLAINTIFF CASES)**

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT    Marion, IN
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF

**(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)**

Aaron M. Levine
Aaron Levine & Associates
1320 19th St., N.W., Suite 500
Washington, DC 20005

Case: 1:07-cv-01362
Assigned To : Bates, John D.
Assign. Date : 7/26/2007
Description: PI/Malpractice

*JURY ACTION*

## II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

O 1 U.S. Government Plaintiff

O 2 U.S. Government Defendant

O 3 Federal Question
(U.S. Government Not a Party)

⊙ 4 Diversity
(Indicate Citizenship of Parties in item III)

## III CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) FOR DIVERSITY CASES ONLY!

|  | PTF | DFT |  | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | O 1 | O 1 | Incorporated or Principal Place of Business in This State | O 4 | O 4 |
| Citizen of Another State | ⊙ 2 | O 2 | Incorporated and Principal Place of Business in Another State | O 5 | ⊙ 5 |
| Citizen or Subject of a Foreign Country | O 3 | O 3 | Foreign Nation | O 6 | O 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and one in a corresponding Nature of Suit)

O **A. Antitrust**

☐ 410 Antitrust

⊙ **B. Personal Injury/ Malpractice**

☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Medical Malpractice
☒ 365 Product Liability
☐ 368 Asbestos Product Liability

O **C. Administrative Agency Review**

☐ 151 Medicare Act

**Social Security:**
☐ 861 HIA ((1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g)
☐ 864 SSID Title XVI
☐ 865 RSI (405(g)

**Other Statutes**
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 890 Other Statutory Actions (If Administrative Agency is Involved)

O **D. Temporary Restraining Order/Preliminary Injunction**

Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

O **E. General Civil (Other)**    OR    O **F. Pro Se General Civil**

**Real Property**
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent, Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

**Personal Property**
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

**Bankruptcy**
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

**Prisoner Petitions**
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition

**Property Rights**
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

**Federal Tax Suits**
☐ 870 Taxes (US plaintiff or defendant
☐ 871 IRS-Third Party 26 USC 7609

**Forfeiture/Penalty**
☐ 610 Agriculture
☐ 620 Other Food &Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 RR & Truck
☐ 650 Airline Regs
☐ 660 Occupational Safety/Health
☐ 690 Other

**Other Statutes**
☐ 400 State Reapportionment
☐ 430 Banks & Banking
☐ 450 Commerce/ICC Rates/etc.
☐ 460 Deportation

☐ 470 Racketeer Influenced & Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Satellite TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/ Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 900 Appeal of fee determination under equal access to Justice
☐ 950 Constitutionality of State Statutes
☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act

| ○ **G.** *Habeas Corpus/ 2255* | ○ **H.** *Employment Discrimination* | ○ **I.** *FOIA/PRIV. ACT* | ○ **J.** *Student Loan* |
|---|---|---|---|
| ☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☐ 442 Civil Rights-Employment<br>(criteria: race, gender/sex,<br>national origin,<br>discrimination, disability<br>age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions<br>(if Privacy Act)<br><br><br><br>*(If pro se, select this deck)* | ☐ 152 Recovery of Defaulted<br>Student Loans<br>(excluding veterans) |

| ○ **K.** *Labor/ERISA (non-employment)* | ○ **L.** *Other Civil Rights (non-employment)* | ○ **M.** *Contract* | ○ **N.** *Three-Judge Court* |
|---|---|---|---|
| ☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting &<br>Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ 441 Voting (if not Voting Rights<br>Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-<br>Employment<br>☐ 446 Americans w/Disabilities-<br>Other | ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment &<br>Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of<br>Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ☐ 441 Civil Rights-Voting<br>(if Voting Rights Act) |

**V. ORIGIN**
○ 1 Original Proceeding   ⊙ 2 Removed from State Court   ○ 3 Remanded from Appellate Court   ○ 4 Reinstated or Reopened   ○ 5 Transferred from another district (specify)   ○ 6 Multi district Litigation   ○ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)
28 U.S.C. 1332; 28 U.S.C. 1441; 28 U.S.C. 1446. Plaintiff alleges personal injury related to mother's ingestion of pharmaceutical product.

**VII. REQUESTED IN COMPLAINT**   ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23    **DEMAND $** 3,000,000.00   Check YES only if demanded in complaint
**JURY DEMAND:**   YES ☒   NO ☐

**VIII. RELATED CASE(S) IF ANY**   (See instruction)   YES ☐   NO ☒   If yes, please complete related case form.

DATE July 26, 2007    SIGNATURE OF ATTORNEY OF RECORD *John C. Cook*

---

**INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44**
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

**I.**    COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

**III.**    CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

**IV.**    CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

**VI.**    CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

**VIII.**    RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.



## THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **RISE BAUSCH AND JOSEPH BAUSCH**<br>**1030 Coyote Way**<br>**Dammeron Valley, UT  84783**<br><br>Plaintiffs,<br><br>vs.<br><br>**ELI LILLY AND COMPANY**<br>**Lilly Corporate Center**<br>**Indianapolis, IN  46285**<br><br>and<br><br>**BRISTOL-MYERS SQUIBB COMPANY**<br>**a successor of E.R. SQUIBB & SONS, INC.**<br>**P. O. Box 4500**<br>**Princeton, NJ  08543**<br><br>and<br><br>**PHARMACIA and UPJOHN COMPANY**<br>**(a/k/a THE UPJOHN COMPANY)**<br>**100 Route 206 North**<br>**Peapack, NJ  07977**<br><br>and<br><br>**ABBOTT LABORATORIES, INC.**<br>**100 Abbott Park Road**<br>**Abbott Park, IL  60064**<br><br>and<br><br>**DART INDUSTRIES, INC., a successor to**<br>**REXALL DRUG COMPANY, INC.**<br>w/s/o:  **Sheila AnnMarie Moeller, Esq.**<br>        **Gilbride, Tusa, Last & Spellane LLC**<br>        **31 Brookside Drive**<br>        **Greenwich, CT 06836**<br><br>and | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br><br><br><br>**CIVIL ACTION** _____<br><br>**SUPERIOR COURT NO. 07-0004536** |

**GLAXOSMITHKLINE, INC.,**                              )
a successor to S.E. Massengill and                      )
**Burroughs-Wellcome Co.,**                             )
**1500 K Street, NW**                                   )
Washington, D.C.  20036                                 )
                                                        )
**and**                                                 )
                                                        )
**PREMO PHARMACEUTICAL**                                )
**LABORATORIES, INC.**                                  )
w/s/o:  Corporation Trust Co.                           )
           820 Bear Tavern Road                         )
           West Trenton, NJ 08628                       )
                                                        )
**and**                                                 )
                                                        )
**ORTHO MCNEIL LABS, INC.**                             )
**Camp Hill Road**                                      )
Ft. Washington, PA  19034                               )
                                                        )
**and**                                                 )
                                                        )
**PERSON & COVEY, INC.**                                )
**616 Allen Avenue**                                    )
Glendale, CA  91221                                     )
                                                        )
**and**                                                 )
                                                        )
**MERCK & COMPANY, INC.**                               )
**P. O. Box 4**                                         )
West Point, PA  19486                                   )
                                                        )
**and**                                                 )
                                                        )
**LANNETTE COMPANY INC.**                               )
c/o Samuel Gratz, CEO                                   )
**9000 State Road**                                     )
Philadelphia, PA  19136                                 )
                                                        )
**and**                                                 )
                                                        )
                                                        )
                                                        )
                                                        )
                                                        )

**ELAN PHARMACEUTICALS,**                )
**A successor to CARNRICK**              )
**LABORATORIES, INC.,**                  )
**w/s/o: CT Corporation**                )
      **1025 Vermont Avenue, NW**        )
      **Washington, DC 20005**           )
                                        )
            **Defendants.**          )
                                        )
_____ )

## DEFENDANT ELI LILLY AND COMPANY'S
## ANSWER TO PLAINTIFFS' COMPLAINT

Defendant Eli Lilly and Company ("Lilly"), by its undersigned attorneys, answers

by like numbered paragraphs the Complaint filed in this action as follows:

Answers to each paragraph of the Complaint by Lilly are made without waiving,

but expressly reserving, all rights that Lilly may have to seek relief by appropriate motions

directed to the allegations of the Complaint.

1.    Whether this Court has jurisdiction under 11 D.C. Code § 921 is a legal

question to which no response is required. To the extent a response is required, however, Lilly

denies the allegations contained in Paragraph 1 of the Complaint.

2.    In response to the allegations contained in Paragraph 2 of the Complaint,

Lilly states that it did sell and distribute DES in the District of Columbia. Lilly also states that it

is doing business in the District of Columbia and that the U.S. Food and Drug Administration

("FDA") approved Lilly's sales of DES and declared that the drug was generally recognized as

safe by experts in the field for the uses at issue here. Except as already stated, Lilly denies the

allegations contained in Paragraph 2 of the Complaint.

## COUNT I – NEGLIGENCE

3.    Lilly is without knowledge or information sufficient to form a belief as to

the truth of the allegations in Paragraph 3 concerning the alleged prescription, purchase and

ingestion of diethylstilbestrol. To the extent a response is required, however, Lilly denies such allegations. Lilly denies all other allegations in Paragraph 3 of the Complaint.

4.    Lilly denies the allegations contained in Paragraph 4 of the Complaint.

5.    Lilly denies the allegations contained in Paragraph 5 of the Complaint.

## COUNT II - STRICT LIABILITY

6.    Lilly repeats and realleges its answers in Count I above.

7.    Lilly denies the allegations in Paragraph 7 of the Complaint.

8.    Lilly denies the allegations contained in Paragraph 8 as stated, but admits that following approval of its Supplemental New Drug Application in 1947, Lilly manufactured and sold certain dosages of DES. Except as already stated, Lilly denies the allegations contained in Paragraph 8 of the Complaint.

9.    Lilly denies the allegations in Paragraph 9 of the Complaint.

10.    Lilly denies the allegations in Paragraph 10 of the Complaint.

11.    Lilly denies the allegations in Paragraph 11 of the Complaint.

12.    Lilly denies the allegations in Paragraph 12 of the Complaint.

13.    Lilly denies the allegations in Paragraph 13 of the Complaint.

## COUNT III - BREACH OF WARRANTY

14.    Lilly repeats and realleges its answers in Counts I and II above.

15.    Lilly denies the allegations contained in Paragraph 15 as stated, but admits that following approval of its Supplemental New Drug Application in 1947, Lilly manufactured and sold certain dosages of DES for treatment of certain accidents of pregnancy as referenced in its product literature. Except as already stated, Lilly denies the allegations contained in Paragraph 15 of the Complaint.

16.    Lilly denies the allegations in Paragraph 16 of the Complaint.

- 4 -

17.    Lilly denies the allegations in Paragraph 17 of the Complaint.

18.    Lilly denies the allegations in Paragraph 18 of the Complaint.

## COUNT IV - MISREPRESENTATION

19.    Lilly repeats and realleges its answers in Counts I, II and III above.

20.    Lilly denies the allegations in Paragraph 20 as stated, but admits that following approval of its Supplemental New Drug Application in 1947, Lilly manufactured and sold certain dosages of DES for treatment of certain accidents of pregnancy as referenced in its product literature. Except as already stated, Lilly denies the allegations contained in Paragraph 20 of the Complaint.

21.    Lilly denies the allegations in Paragraph 21 of the Complaint.

22.    Lilly denies the allegations in Paragraph 22 of the Complaint.

23.    Lilly denies the allegations in Paragraph 23 of the Complaint.

## COUNT V – LOSS OF CONSORTIUM

24.    Lilly repeats and realleges its answers in counts I, II, III, and IV above.

25.    Lilly is without knowledge as to the first sentence of Paragraph 25. Lilly denies the remaining allegations contained in Paragraph 25 of the Complaint. Further answering, Lilly denies that Plaintiffs are entitled to judgment of any kind against Lilly.

## AFFIRMATIVE AND OTHER DEFENSES

Lilly reserves the right to amend its Answer and/or amend or add defenses to conform to such facts as may be revealed in discovery or otherwise. Without assuming the burden of proof of such defenses that it would not otherwise have, Lilly affirmatively asserts the following defenses:

## FIRST DEFENSE

The Complaint, in whole or in part, fails to state a claim upon which relief may be granted.

## SECOND DEFENSE

Pursuant to the Supremacy Clause of the United States Constitution, the claims set forth in the Complaint are preempted by federal statutes and regulations having the force of law.

## THIRD DEFENSE

The claims set forth in the Complaint are barred because Plaintiffs' alleged injuries and damages, if any, were actually or proximately caused by the intervening or superseding conduct of persons or entities over which or whom Lilly had no control.

## FOURTH DEFENSE

The claims set forth in the Complaint are barred because the alleged injuries and damages, if any, were caused by medical conditions or processes (whether pre-existing or contemporaneous) unrelated to diethylstilbestrol.

## FIFTH DEFENSE

The claims set forth in the Complaint are barred by the learned intermediary doctrine.

## SIXTH DEFENSE

Plaintiffs' claims are subject to the limitations on the doctrine of strict product liability for a purported design defect and breach of warranty as set forth in the Restatement (Second) of Torts, Section 402A, comments j and k, and Sections 4 and 6 of the Restatement (Third) of Torts: Products Liability.

## SEVENTH DEFENSE

The claims set forth in the Complaint are barred because the methods, standards and techniques used in formulating diethylstilbestrol and in issuing warnings and instructions about its use conformed to the generally recognized, reasonably available and reliable state of knowledge in the field at the time diethylstilbestrol was manufactured.

## EIGHTH DEFENSE

The claims set forth in the Complaint are barred because the foreseeable therapeutic benefits of diethylstilbestrol outweighed any foreseeable risks of harm.

## NINTH DEFENSE

The claims set forth in the Complaint are barred by the doctrine of informed consent and assumption of risk.

## TENTH DEFENSE

The claims set forth in the Complaint are barred because Lilly breached no warranty, express or implied, to Plaintiffs or to Plaintiff's mother.

## ELEVENTH DEFENSE

The claims set forth in the Complaint are barred by the applicable statutes of limitation and/or repose.

## TWELFTH DEFENSE

Plaintiffs' causes of action are barred in whole or in part by the lack of a defect as any product allegedly ingested by Plaintiff's mother was properly prepared in accordance with the applicable standard of care.

## THIRTEENTH DEFENSE

Plaintiffs' alleged damages were not caused by any failure to warn on the part of Lilly.

## FOURTEENTH DEFENSE

Each item of economic loss alleged in the Complaint was, or with reasonable certainty will be, replaced or indemnified, in whole or in part, from collateral sources.

## FIFTEENTH DEFENSE

To the extent applicable, Lilly is entitled to contribution from any person and/or entity whose negligence or other fault contributed to Plaintiffs' alleged injuries and damages.

## SIXTEENTH DEFENSE

The design, testing, and labeling of diethylstilbestrol was in conformity with the generally recognized and prevailing state of the art, i.e., the best technology reasonably available in the industry at the time diethylstilbestrol was first sold to any person not engaged in the business of selling such product.

## SEVENTEENTH DEFENSE

Plaintiffs' claims are barred because Plaintiffs were, or should have been, aware of the known risks associated with the use of diethylstilbestrol.

## EIGHTEENTH DEFENSE

Plaintiffs' Complaint is defective in that Plaintiffs have failed to join indispensable parties.

## NINETEENTH DEFENSE

Plaintiffs failed to give adequate or timely notice to Lilly of any alleged breach of

warranty after Plaintiffs discovered or should have discovered such alleged breach and is, therefore, barred from any recovery for such claims.

## TWENTIETH DEFENSE

Should Lilly be held liable, which liability is specifically denied, Lilly would be entitled to a set-off of all sums of money received or available from or on behalf of any tortfeasors for the same injuries alleged in the Complaint.

## TWENTY-FIRST DEFENSE

Plaintiffs' claims are barred and preempted by Lilly's compliance with the Federal Food, Drug and Cosmetic Act, 21 U.S.C. §§ 301 et seq. and/or the regulations promulgated pursuant to that Act.

## TWENTY-SECOND DEFENSE

There is no privity between Plaintiffs and this defendant; therefore, Plaintiffs are barred from bringing any claims in which privity is an element. Further, Plaintiffs' warranty claims are barred because Plaintiffs did not rely on any alleged warranty from Lilly and/or did not timely notify Lilly of any alleged breach of warranty.

## TWENTY-THIRD DEFENSE

The alleged injuries to Plaintiffs are not the result of any act or omission of Lilly but, rather, result from an act of God.

## TWENTY-FOURTH DEFENSE

Any alleged injuries cause by diethylstilbestrol (which causal connection Lilly has denied and continues to deny) are not the result of any act or omission of Lilly, but rather the result of the misuse of diethylstilbestrol by Plaintiff's mother, which misuse bars the plaintiffs from any recovery against Lilly.

## TWENTY-FIFTH DEFENSE

If Plaintiffs sustained injuries or incurred expenses as alleged, the risks complained of by Plaintiffs were not discoverable using prevailing research and scientific techniques under the then-existing state of the art and were not discoverable using procedures required by federal and state regulatory authorities charged with supervision or licensing of the product as of the time Lilly sold or otherwise parted with possession and control of the product in question.

## TWENTY-SIXTH DEFENSE

Lilly had no duty to warn about any possible dangers in using diethylstilbestrol that were not known at the time of manufacture and sale of the product.

## TWENTY-SEVENTH DEFENSE

Any damages sustained by Plaintiffs were caused by or contributed to by modification, alterations or maintenance of diethylstilbestrol after said prescription drug left the care, custody or control of Lilly.

## TWENTY-EIGHTH DEFENSE

Lilly denies any negligence or wrongdoing, denies it is liable under any theory of strict liability, and denies that diethylstilbestrol contributed to Plaintiffs' alleged injuries, losses or damages.

## TWENTY-NINTH DEFENSE

Plaintiffs' causes of action are barred in whole or in part by the lack of a defect, as any diethylstilbestrol ingested by Plaintiff's mother was properly prepared in accordance with the applicable standard of care.

## THIRTIETH DEFENSE

Plaintiffs' product liability causes of action are barred because diethylstilbestrol was consistent with or exceeded consumer expectations.

## THIRTY-FIRST DEFENSE

This court lacks personal jurisdiction over Defendant Eli Lilly.

## THIRTY-SECOND DEFENSE

Venue is improper.

## THIRTY-THIRD DEFENSE

Plaintiffs' breach of warranty claims are barred by the Uniform Commercial Code as enacted in Utah.

## THIRTY-FOURTH DEFENSE

To the extent applicable, Lilly specifically asserts the defenses of comparative negligence and comparative assumption of risk. To the extent that Lilly contributed to Plaintiffs' damages, if any, then Lilly asserts the application of the Utah Comparative Negligence statute, Utah Code Ann. § 78-27-38. In the event that Lilly is found jointly or severally liable with any other tortfeasor or with multiple tortfeasors, Lilly reserves its right of contribution to the extent that it has to pay more than Lilly's pro rata share of the common liability consistent with the provisions set forth in the Utah Comparative Negligence Statute and other applicable law.

## THIRTY-FIFTH DEFENSE

Plaintiffs' claim for punitive damages cannot be sustained to the extent it seeks to punish Lilly for alleged harm to non-parties and/or persons who are not before the court. Imposition of punitive damages under such circumstances would violate Lilly's procedural and substantive due process rights and equal protection rights under the Fifth and Fourteenth

Amendments to the United States Constitution and Lilly's due process and equal protection rights under cognate provisions of the Utah Constitution, and would be improper under the common law and public policies of the United States and State of Utah.

## JURY DEMAND

Defendant Eli Lilly and Company demands a trial by jury on all issues.

WHEREFORE, having fully answered Plaintiffs' Complaint, Lilly prays as follows:

1.    That Plaintiffs' Complaint be dismissed with prejudice and that Plaintiffs take nothing thereby;

2.    That Lilly be awarded its costs and disbursements herein to be taxed as provided by law.

Respectfully submitted,

_John Chadwick Coots_

Michelle R. Mangrum, D.C. Bar No. 473634
John Chadwick Coots, D.C. Bar No. 461979
Emily J. Laird, D.C. Bar No. 485890
SHOOK, HARDY & BACON, L.L.P
600 14TH Street, N.W., Suite 800
Washington, D.C.  20005-2004
Phone: (202) 783-8400; Fax: (202) 783-4211

And

David W. Brooks
SHOOK, HARDY & BACON, L.L.P.
2555 Grand Blvd.
Kansas City, Missouri  64108-2613
Phone: (816) 474-6550; Fax: (816) 421-5547

**ATTORNEYS FOR DEFENDANT
ELI LILLY AND COMPANY**

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 26th day of July, 2007, a true and accurate copy of Defendant Eli Lilly and Company's Answer to Plaintiffs' Complaint has been furnished by first-class U.S. Mail, postage prepaid, to counsel of record listed below.

Aaron M. Levine
Aaron M. Levine & Associates
1320 19th Street, N.W., Suite 500
Washington, D.C. 20036
**Attorneys for Plaintiff**

Janet K. Coleman
Daniel Whitney
Whitney & Bogris, LLP
401 Washington Avenue, 12th Floor
Towson, MD 21204
**Attorneys for GlaxoSmithKline,**
**and Mallinckrodt, Inc.**

Sidney G. Leech
Goodell, DeVries, Leech & Dann, LLP
One South Street, 20th Floor
Baltimore, MD 21202
**Attorneys for Bristol Myers Squibb**
**Company**

Elizabeth Ewert
Drinker Biddle & Reath, LLP
1500 K Street NW, Suite 1100
Washington, DC 20005
**Attorneys for Merck & Company, Inc.,**
**Pharmacia and Upjohn Company and**
**Ortho-McNeil Pharmaceutical, Inc.**

John F. Anderson
Troutman Sanders, LLP
1660 International Drive, Suite 600
McLean, VA 22102
**Attorneys for Dart Industries, Inc.**

Sarah Keast
Goodwin Proctor, LLP
901 New York Avenue, NW, Suite 900
Washington, D.C. 20001
**Attorneys for Premo Pharmaceutical**
**Laboratories, Inc.**

Kathleen M. Bustraan
Lord & Whip, P.A.
Charles Center South, 10th Floor
36 South Charles Street
Baltimore, MD 21201-3020
**Attorney for Lannett Company, Inc.**

Sean C.E. McDonough
David D. Hudgins
Hudgins Law Firm
515 King Street, Suite 400
Alexandria, VA 22314
**Attorneys for Person & Covey, Inc.**

Jennifer G. Levy
Kirkland & Ellis, LLP
655 Fifteenth Street NW, Suite 1200
Washington, DC 20005-5793
**Attorneys for Abbott Laboratories, Inc.**

Jaime Luse
Tydings & Rosenberg, LLP
100 East Pratt Street, Suite 2600
Baltimore, MD 21202
**Attorneys for Elan Pharmaceuticals**

**ATTORNEY FOR DEFENDANT**
**ELI LILLY AND COMPANY**