UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**RISE BAUSCH,** *et al.*,

    **Plaintiff,**

**v.**

**ELI LILLY & CO.,** *et al.*,

    **Defendants.**

**Civil Action No. 07-CV-1362 (JDB)**

## DEFENDANT PERSON & COVEY, INC.'S ANSWER

Defendant Person & Covey, Inc. ("Defendant" or "Person & Covey"), by counsel, hereby submits its answer and defenses to the Complaint filed by plaintiff Rise Bausch and Joseph Bausch, and states as follows:

## ANSWER

Answering specifically the numbered paragraphs in the Complaint:

1. Paragraph 1 calls for a legal conclusion to which no response is required. To the extent a response is required, all allegations are denied.

2. Denied.

## COUNT I

3. Defendant lacks sufficient information to admit or deny the allegations stated in the sentences one and two of paragraph 3, and demands strict proof thereof. Defendant denies all allegations in sentence three.

4. Denied.

5. Denied.

## COUNT II

6. Defendant reincorporates all responses and defenses set forth in paragraphs 1-5 as if fully set forth herein.

7. Denied.

8. Denied as phrased. Person & Covey does not currently manufacture or produce DES.

9. Defendant lacks sufficient information to admit or deny the allegations in paragraph 9, and demands strict proof thereof. To the extent that a response is required, the allegations in paragraph 9 are denied.

10. Denied.

11. Denied.

12. Denied.

13. Denied.

## COUNT III

14. Defendant reincorporates all responses and defenses set forth in paragraphs 1-13 as if fully set forth herein.

15. The allegations in paragraph 15 call for legal conclusions to which no response is required. To the extent that a response is required, the allegations are denied.

16. Denied.

17. Denied.

18. Denied.

## COUNT IV

19. Defendant reincorporates all responses and defenses set forth in paragraphs 1-18 as if fully set forth herein.

20. Denied.

21. Defendants lack sufficient information to admit or deny the allegations in paragraph 21, and demand strict proof thereof. To the extent that a response is required, the allegations in paragraph 21 are denied.

22. Denied.

23. Denied.

## COUNT V

24. Defendant reincorporates all responses and defenses set forth in paragraphs 1-18 as if fully set forth herein.

25. Denied.

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

The Complaint fails to state a claim upon which can be granted against Person & Covey.

### SECOND DEFENSE

This court lacks personal jurisdiction over Person & Covey.

### THIRD DEFENSE

Venue is improper in this judicial district.

### FOURTH DEFENSE

The Plaintiff's claims are barred by the applicable statute of limitations and/or doctrine of laches.

**FIFTH DEFENSE**

Plaintiff's claims are barred and preempted by Person & Covey's compliance with the Federal Food, Drug and Cosmetic Act, 21 U.S.C. §§ 301 et seq. and/or the regulations promulgated pursuant to that Act.

**SIXTH DEFENSE**

Plaintiff cannot identify Person & Covey as the manufacturer or distributor of the DES allegedly consumed by her mother.

**SEVENTH DEFENSE**

To the extent that Plaintiff seeks to recover punitive damages from it, such an award would, if granted, violate its due process and equal protection guaranteed to it under the United States Constitution and the Constitution(s) of the governing states.

**EIGHTH DEFENSE**

The Complaint is barred by the Learned Intermediary Doctrine.

**NINTH DEFENSE**

The Plaintiff is barred by her own contributory negligence, comparative negligence, and/or assumption of the risk.

**TENTH DEFENSE**

At the time Plaintiff's mother allegedly ingested DES, the drug was in conformity with the generally recognized state-of-the-art at the time it was designed, manufactured, inspected, labeled, and sold, therefore, Plaintiff is barred from recovery.

**ELEVENTH DEFENSE**

Plaintiff's breach of warranty claims must fail due to lack of privity and timely notice.

**TWELFTH DEFENSE**

Plaintiff's natural mother was guilty of contributory negligence, which was a proximate cause of the injuries, damages, and losses complained of, and a complete bar to plaintiff's recovery in this case.

**THIRTEENTH DEFENSE**

Plaintiff's natural mother assumed the risks inherent in the use of Diethylstilbestrol and her assumption of risk is a bar to Plaintiff's recovery in this case.

**FOURTEENTH DEFENSE**

Plaintiff's natural mother misused or abused DES, which she consumed or ingested, which conduct is a complete bar to Plaintiff's recovery in this case.

**FIFTEENTH DEFENSE**

Plaintiff's alleged injuries, if any, were caused in whole or in part by the conduct of one or more individuals over which Person & Covey had no control.

**SIXTEENTH DEFENSE**

This Complaint fails to join a necessary party or parties without whom complete relief cannot be granted.

**SEVENTEENTH DEFENSE**

If the product in question was unsafe then it was unavoidably unsafe.

**EIGHTEENTH DEFENSE**

The Plaintiff's causes of action are barred by the doctrine of *res judicata* or the doctrine of collateral estoppel.

## NINETEENTH DEFENSE

Plaintiff lacks standing to sue by reason of the fact that no duty was owed to the Plaintiff by Defendant at the time Plaintiff's mother allegedly used the DES referred to in the Complaint.

## TWENTIETH DEFENSE

If Defendant is found liable to Plaintiff for any loss allegedly suffered by Plaintiff, such liability shall not exceed Defendant's equitable share determined in accordance with the relative culpability of each person causing or contributing to the total liability for such non-economic loss.

## TWENTY-FIRST DEFENSE

Any alleged injuries suffered were caused by factors other than exposure to DES and were not due to, caused by the fault of, lack of care, negligence or breach of any duty by Person & Covey.

## TWENTY-SECOND DEFENSE

Plaintiff has failed to plead her claim for fraud with particularity pursuant to D.C. Superior Court Rule 9(b).

## TWENTY-THIRD DEFENSE

Person & Covey avails itself to all other defenses raised by co-defendants in this matter.

## TWENTY-FOURTH DEFENSE

Person & Covey reserves the right to raise additional defenses learned in discovery at the trial of this matter.

WHEREFORE, having fully answered and responded to the allegations set forth in the Complaint, Person & Covey, Inc. respectfully requests that this action be dismissed and that reasonable costs and attorneys' fees be awarded in its favor in defense of the Complaint.

PERSON & COVEY, INC.

/s/ Sean C.E. McDonough
David D. Hudgins (#362451)
Sean C.E. McDonough (#438599)
HUDGINS LAW FIRM
515 King Street, Suite 400
Alexandria, Virginia 22314
703-739-3300
703-739-3700 fax

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 24th day of August 2007, I sent a true and accurate copy of the foregoing via electronic service to:

Aaron M. Levine, Esquire
Steven Lewis, Esquire
Aaron M. Levine & Associates
1320 19th Street, Suite 500
Washington, D.C. 20036
*Attorney for Plaintiff*

Michelle R. Mangrum
John Chadwick Coots, Esquire
SHOOK, HARDY & BACON, LLP
600 14th Street, NW, Suite 800
Washington, D.C. 2005-2004
*Attorney for Eli Lilly and Company*

Sidney G. Leech, Esquire
Goodell, Devries, Leech & Dann, LLP
One South Street, 20th Floor
Baltimore, Maryland 21202
*Attorney for Bristol-Myers Squibb Company*

Elizabeth Ewert, Esquire
Drinker Biddle & Reath, LLP
1500 K Street, N.W., Suite 1100
Washington, D.C. 20005-1209
***Attorney for Pharmacia & Upjohn Company & Merck & Company, Inc. & McNeil Labs, Inc.***

John F. Anderson, Esquire
Troutman Sanders, LLP
1660 International Drive, Suite 600
McLean, Virginia 22102
***Attorney for Dart Industries, Inc.***

Sharon Keast, Esquire
Goodwin Proctor, LLP
901 New York Avenue, NW
9th Floor East
Washington, D.C. 20006
***Attorney for Premo Pharmaceutical Laboratories, Inc.***

Kathleen M. Bustraam, Esquire
Lord & Whip, PA
36 South Charles Street
10th Floor
Baltimore, Maryland 21201
***Attorney for Lannett Company, Inc.***

Jennifer G. Levy, Esquire
Kirkland & Ellis, LLP
655 Fifteenth Street, NW, Suite 1200
Washington, DC 20005
***Attorney for Abbott Laboratories, Inc.***

Jaime Luse, Esquire
Tydings & Rosenberg, LLP
100 East Pratt Street, Suite 2600
Baltimore, Maryland 21202
***Attorney for Elan Pharmaceuticals***

                                          /s/ Sean C.E. McDonough