UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

~~~~~~~~~~~~~~~~~~~~~~~~~~~~~ }
RISE BAUSCH, et al.,                              }
                                                  }
                    Plaintiffs,                   }
                                                  }
         v.                                       }      Civil Action No. 07-1362 (RJL)
                                                  }      Next Event:      Scheduling Conference
ELI LILLY AND COMPANY, et al.,                    }        November 5, 2007
                                                  }
                    Defendants.                   }
~~~~~~~~~~~~~~~~~~~~~~~~~~~~~ }

**PLAINTIFFS' MOTION TO TRANSFER
TO THE EASTERN DISTRICT OF NEW YORK**

COME NOW Plaintiffs, through counsel, and moves this court to transfer this action to the Eastern District of New York pursuant to 28 U.S.C. § 1404(a), and as grounds therefore state:

1.  This is a birth defect and products liability suit stemming from Plaintiff Rise Bausch's *in utero* exposure to the drug diethylstilbestrol ("DES").

2.  Recent investigation reveals that Rise Bausch was born in the North Country Community Hospital in Glen Cove, New York, in the Eastern District of New York.

3.  Recent investigation reveals that Rise Bausch was exposed to DES *in utero* and injured in Levittown, New York.  Her mother also was prescribed DES by a Levittown doctor and purchased DES at a pharmacy in Levittown.  Levittown is also also in the Eastern District.

4.  Defendants' failure to warn, misrepresentations, overpromotion, and breach of warranty regarding DES in this case all occurred in the Eastern District of New York.

5.  As the DES warnings, purchase, ingestion, and injury in this case occurred in New York, New York law will apply to this case, and Plaintiff currently proceeds under New York's market share theory of liability.

6.  While this case has some contacts with the District of Columbia (i.e., Defendants' fraud on the Food and Drug Administration), many more contacts exist in and around the Eastern District of New York.  No witnesses reside within the District of Columbia.

WHEREFORE, for the foregoing reasons and for the reasons contained in Plaintiffs' attached memorandum, Plaintiffs respectfully request that this Court, in accordance with 28 U.S.C § 1404(a), enter an Order transferring this matter to the United States District Court for the Eastern District of New York.


Respectfully submitted,


 /s/ Aaron M. Levine
AARON M. LEVINE, #7864
1320 Nineteenth Street, N.W.
Suite 500
Washington, DC 20036
202-833-8040
Fax: (202) 833-8046

Counsel for Plaintiffs

## LCvR 7.1(m) CERTIFICATION

Plaintiffs, through counsel, asked Defendants for consent to transfer.  As of this date, Defendants refused consent to transfer.

/s/ Aaron M. Levine
AARON M. LEVINE, #7864

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~ }
RISE BAUSCH, et al.,                            }
                                                }
                Plaintiffs,                     }
                                                }
        v.                                      }        Civil Action No. 07-1362 (RJL)
                                                }        Next Event:      Scheduling Conference
ELI LILLY AND COMPANY, et al.,                  }          November 5, 2007
                                                }
                Defendants.                     }
~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~ }

**PLAINTIFFS' MEMORANDUM IN SUPPORT OF THEIR
MOTION TO TRANSFER
TO THE EASTERN DISTRICT OF NEW YORK**

## I.      INTRODUCTION

Plaintiffs Rise Bausch and Joseph Bausch bring this suit to recover for damages due to Plaintiff Rise Bausch's prenatal exposure to diethylstilbestrol ("DES").  Rise Bausch was born in Glen Cove, New York; her mother purchased and ingested DES in Levittown, New York.  New York law will apply to her case.

No jurisdiction in this case is completely convenient for all witnesses and documents. After investigation, it appears that Plaintiff Rise Bausch, although treated for her DES injuries in New Jersey, Florida, and Utah, the center of this case is New York.  It is New York where Defendants failures to test or warn about DES led to the prescription of DES by a New York physician to Rise Bausch's mother and the purchase of DES in a New York pharmacy.

## II.      STANDARD ON MOTION TO TRANSFER

A transfer under 28 U.S.C. § 1404(a) is to any district where the action might have been brought.  Plaintiffs could have initially brought this suit in the Eastern District of New York.  All defendants are corporations, which are deemed to reside in any district which can exercise

1

personal jurisdiction over them.  See 28 U.S.C. § 1391(c).  A plaintiff may sue in any district that a defendant resides, if all defendants reside within a state.  See 28 U.S.C. § 1391(a)(1).

In diversity, a District Court has the same jurisdiction as the state court in the same area. Defendants either currently conduct significant business within the state to subject them to jurisdiction or are subject to jurisdiction by virtue of having committed a tortious act against Plaintiff in New York, see N.Y. C.P.L.R. § 302.  As all Defendants are subject to jurisdiction, and therefore reside, in the Eastern District of New York, this case could be brought there.

The standard for transfer of venue as set forth by statute is "[f]or the convenience of parties and witnesses, in the interest of justice," 28 U.S.C. § 1404(a), but "[c]ourts have considered various other factors, including the private interests of the parties and the public interests of the court" in construing § 1404.  Trout Unlimited v. United States Dep't of Ag., 944 F. Supp. 13, 16 (D.D.C. 1996).

## III.   NEW YORK IS A MORE CONVENIENT FORUM

### A.    PUBLIC INTEREST FACTORS

"Controversies should be resolved in the locale where they arise."  Trout Unlimited, 944 F. Supp. at 19; see also Pain v. United Technologies Corp., 637 F.2d 775, 792 (D.C. Cir. 1980). In a diversity case, the public interest factors weigh in favor of having a jury apply its local laws. See Brannen, 403 F. Supp. 2d at 96. As the Supreme Court noted:

> We pay great deference to the views of the judges of those courts who are familiar with the intricacies and trends of local law and practice . . .

Bishop v. Wood, 426 U.S. 341, 346 n. 10 (1976).  A state's interest in vindicating its laws and policies in local courts can only be overridden by "a great benefit."  Jackson v. Venture Dep't Stores, No. 98 C 6216, 1998 U.S. Dist. LEXIS 17508 at *9 (N.D. Ill. Nov. 3, 1998).  The Eastern District of New York is a much better forum regarding the public interest factors.

2

New York law applies to Rise Bausch's claims. This claim was filed in District of Columbia Superior Court, and therefore, District of Columbia choice of law applies to this action, wherever it may be transferred. See, e.g., Frankston v. Aura Systems, Inc., 1995 U.S. App. LEXIS 9006 at *3 (9th Cir. 1995) (applying Massachusetts conflicts law to a case transferred from Massachusetts to California). Generally, District of Columbia choice of law in products liability cases follows the place of purchase. See Long v. Sears Roebuck & Co., 877 F. Supp. 8, 13 (D.D.C. 1995) (applying District of Columbia law to the D.C. purchase by a Maryland resident). DES cases have placed significant importance on the location of the ingestion of DES and the resulting residence of the infant injured *in utero*. See Tidler v. Eli Lilly and Co., 851 F.2d 418, 420-21 (D.C. Cir. 1988) (stating that "the jurisdiction in which either their [the plaintiffs'] mothers were resident when they took DES or where the plaintiffs' injuries occurred" would be the usual jurisdictions whose law would apply). Since then, the location of the ingestion of DES has been a significant factor in DES cases. See Clayton v. Eli Lilly and Co., 421 F. Supp. 2d 77, 80 (D.D.C. 2006) (stating that the operative events regarding a DES injury as the filling of the prescription and the "use of the drug and plaintiff's *in utero* exposure to DES"); Bortell v. Eli Lilly and Co., 406 F. Supp. 2d 1, 5 (D.D.C. 2005) (holding that the place of injury is where the "malformation of plaintiff's uterus and cervix occurred").

During Rise Bausch's gestation, her mother lived in Levittown, New York. The failures to warn and misrepresentations by the Defendants that led to the prescription of DES to Plaintiff's mother occurred in New York. The reproductive abnormalities that give rise to this suit occurred to Rise Bausch in New York. New York has the prevailing interest in the wrongdoing in this case.

3

Furthermore, New York, the place of Plaintiff Rise Bausch's exposure to DES, applies a market share theory to DES cases. See Hymowitz v. Eli Lilly, 539 N.E.2d 1069 (N.Y. 1989). The Eastern District of New York has extensive experience in applying New York law regarding DES cases. See, e.g., In re DES Cases, 789 F. Supp. 552 (E.D.N.Y. 1992) (discussing New York's DES cases in detail in reference to consolidated DES litigation). The case would be assigned to Judge Jack Weinstein, who has a Standing Order referring all Eastern District DES cases to him. Judge Weinstein has extensive experience in handling DES cases. See In re DES Cases, supra. The Eastern District of New York is the best district to interpret the market share law underpinning this case.

B.    NEW YORK IS A MORE CONVENIENT FORUM FOR WITNESSES AND SOURCES OF PROOF

The convenience of witnesses is often considered the most important factor in evaluating a motion to transfer. Altamont Pharmacy, Inc. v. Abbott Lab's, No. 94 C. 6282, 2002 U.S. Dist. LEXIS 759 at *7 (N.D. Ill. 2002), attached as App. 3. In evaluating the convenience of the witnesses, the court considers a number of factors, including "(1) the number of witnesses located in each district; (2) the relative ease of access to sources of proof; (3) the availability of compulsory process for the attendance of witnesses; and (5) the situs of the material events." 2002 U.S. Dist. LEXIS 759 at *6-7 (N.D. Ill. 2002).

Here, there are no witnesses in the District of Columbia. This case has transactions and witnesses in multiple states, including New Jersey and Florida, but within the subpoena power of the Eastern District of New York are most witnesses and documents relevant to Plaintiff's exposure and medical treatment. Where any jurisdiction may burden witnesses, the weight of the factor of the convenience of the witnesses may be outweighed by the public interest factors. Jackson v. Venture Department Stores, Inc., No. 98 C 6216, 1998 U.S. Dist. LEXIS 17508 at *8 (N.D. Ill. 1998). When liability and damage witnesses are in different states, the balance of

4

convenience weighs in favor of the place where the claim arises. See <u>Decker Coal Co. v.</u> <u>Commonwealth Edison Co.</u>, 805 F.2d 834, 843 (9th Cir. 1986). The Eastern District of New York is the more convenient jurisdiction.

Defendants all have counsel in New York City, and the national counsel for Defendants Bristol-Myers Squibb Company, Premo Pharmaceutical Laboratories, and Elan Pharmaceuticals are all located in New York City. The transfer of this case will make the case less burdensome for all the parties.

## IV. CONCLUSION

The Eastern District of New York is a more appropriate venue for this case. It has subpoena power over witnesses and documents relevant to Plaintiff Rise Bausch's exposure to DES and has more experience with the governing law. Therefore, Plaintiff requests to transfer this case to the Eastern District of New York.

Respectfully submitted,


 /s/ Aaron M. Levine
AARON M. LEVINE, #7864
1320 Nineteenth Street, N.W.
Suite 500
Washington, DC 20036
202-833-8040
Fax: (202) 833-8046

Counsel for Plaintiffs

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~ }
RISE BAUSCH, et al.,                             }
                                                  }
                    Plaintiffs,            }
                                                  }
        v.                                       }            Civil Action No. 07-1362 (RJL)
                                                  }
ELI LILLY AND COMPANY, et al.,     }
                                                  }
                    Defendants.          }
~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~ }

**(PROPOSED) ORDER**

UPON CONSIDERATION of Plaintiffs' Motion to Transfer to the Eastern District of

New York, and any Oppositions filed thereto, and for good cause shown, it is this ___ day of

_____, 2007,

**ORDERED** that Plaintiffs' motion be GRANTED and the present action transferred to

the court for the Eastern District of New York.


_____
The Honorable Richard J. Leon
United States District Judge