IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| RISE BAUSCH AND JOSEPH BAUSCH, ) <br> ) <br> Plaintiffs, ) <br> ) <br> ) <br> vs. ) <br> ) <br> ) <br> ELI LILLY AND COMPANY, ET AL., ) <br> ) <br> ) <br> Defendants. ) <br> ) <br> ) | CIVIL ACTION No. 1:07-cv-01362 RJL |

**DEFENDANT ELI LILLY AND COMPANY'S MEMORANDUM
IN OPPOSITION TO PLAINTIFFS' MOTION TO
TRANSFER TO THE EASTERN DISTRICT OF NEW YORK**

After filing this product liability action in the District of Columbia, plaintiffs, Utah residents, now seek to transfer this action to the Eastern District of New York. Plaintiffs' motion to transfer this case is indicative of forum shopping and is premature because plaintiffs have not yet provided their responses to Lilly's discovery which will allow Lilly to formulate a more complete response. As a result, neither the Court nor defendants can adequately ascertain which forum is most appropriate for plaintiffs' claim. Furthermore, if accepted, plaintiffs' bald assertions in their motion regarding the facts underlying their claim reveal that this case may have no more substantial connection to New York than it does to a number of other states. Accordingly, the court should deny plaintiffs' Motion to Transfer to the Eastern District of New York.

143366v3

## I.   PLAINTIFFS' CHOICES OF FORUM ARE ENTITLED TO LITTLE DEFERENCE

Despite the fact that plaintiffs filed this case in the District of Columbia, they now claim that "the Eastern District of New York is a more appropriate venue for this case." *See* Plaintiffs' Motion to Transfer, at 5. Plaintiffs surely must have known where the relevant facts occurred in their case at the time that they filed in the District of Columbia. Nonetheless, the defendants and this Court now have to address plaintiffs' second choice of forum.

Courts do not favor such maneuvering and give **no** deference to a plaintiff's second choice of forum. *See generally Tiffany v. Hometown Buffet, Inc.*, 2006 WL 2792868, *2 (N.D. Cal. Sept. 28, 2006) (holding that "there can be no presumption of deference for the plaintiff's second choice of forum in her motion to transfer, pursuant to 28 U.S.C. 1404(a)"). Courts hesitate to grant plaintiffs' motions to transfer cases from the forum the plaintiffs originally selected to yet another forum on grounds of gamesmanship and forum shopping. *See Tiffany*, 2006 WL 2792868, at *2 (plaintiffs' actions of initially filing a suits in one jurisdiction, only to later move to transfer the case to yet another forum, were indicative of "forum shopping").

Plaintiffs initially filed in the District of Columbia, presumably to take advantage of the District of Columbia's advantageous statute of limitation. Plaintiffs assert in their motion that "recent investigation" revealed New York contacts. *See* Pl. Motion to Transfer at 1, ¶ 2-4. However, this assertion is disingenuous at best. Indeed, plaintiffs' Complaint references the very same New York contacts plaintiffs claim to have recently uncovered through investigation. *See* Complaint at 3, ¶ 3. Their attempt to transfer this case now to the Eastern District of New York is indicative of improper forum shopping and the court should not award this second choice of forum any deference. *See generally id.*

## II. PLAINTIFFS' MOTION TO TRANSFER THIS ACTION IS PREMATURE

In addition to being a clear attempt at improper forum shopping, plaintiffs' motion to transfer is premature and should be denied. Motions to transfer are routinely denied as premature when the parties seeking transfer have failed to provide discovery supporting their claims that another forum would be more appropriate for the action. *See, e.g., Elec. Transaction Network v. Katz*, 734 F. Supp. 492, 502 (N.D. Ga. 1989); *Guadagno v. Puritan-Bennett Corp.*, No. CIV-81-722-E, 1986 WL 10735, at *2 (W.D.N.Y. Sept. 25, 1986); *Jordan v. Dixie Pump & Supply, Inc.*, No. Civ. A. 05-4027, 2005 WL 3543050, at *2 (E.D. La. 2005); *FUL Inc. v. Unified School Dist. No. 30*, No. 92 C 7674, 1993 WL 105433, at *3 (N.D. Ill. April 6, 1993); *James S. Merritt Co. v. Colt Ind. Inc.*, No. 88-0550-CV-W-6, 1988 WL 131883, at *3 (W.D. Mo. Dec. 7, 1988); *The N. Trust Co. v. B & B Masonry Co, Inc.*, No. 85 C 0072, 1985 WL 1885, at *3 (N.D. Ill. June 26, 1985); *Mije Assoc. v. Halliburton Servs.*, 552 F. Supp. 418, 419 (S.D.N.Y. Dec. 13, 1982); *Cf. McDonnell Douglas Corp. v. Polin*, 429 F.2d 30, 31 (3d Cir. 1970) (holding that motion to transfer should be decided after "giving both parties an opportunity to complete their discovery solely with respect to the question of transfer").

Though plaintiffs assert in their motion to transfer that key facts in this case occurred in the Eastern District of New York, they have yet to provide discovery supporting their assertions.[1] There is no way for defendants or the Court to determine the validity of plaintiffs' claim that many key facts in the case occurred in the Eastern District of New York.[2] Accordingly, the Court should deny plaintiffs' motion to transfer as premature.[3]

---

[1] Lilly served discovery requests on plaintiffs on September 13, 2007 with a deadline for responses on October 16, 2007. Plaintiffs requested and received an extension to their original deadline to November 7, 2007 before filing this motion.

[2] Plaintiffs themselves admit that "[t]his case has transactions and witnesses in multiple states, including New Jersey and Florida." Pl. Motion to Transfer at 4. Defendants and the Court need to see plaintiffs' discovery response to assess the validity of plaintiffs' claim that "within the subpoena power of the Eastern

3

III. **TRANSFER TO THE EASTERN DISTRICT OF NEW YORK IS IMPROPER BECAUSE PLAINTIFFS' CASE INVOLVES CONTACTS WITH MANY DIFFERENT STATES**

Plaintiffs' bald assertions in their motion to transfer regarding where the facts underlying their claim occurred are not sufficient for this Court or defendants to determine the most appropriate forum in this matter. Accordingly, the Court has sufficient grounds on which to base a denial of plaintiff's motion. However, even if the Court accepts plaintiffs' assertions, their motion should be denied. The facts as set forth in plaintiffs' motion make clear that it is likely that several states have contacts to this matter rendering no single state the most appropriate or obvious jurisdiction.

Courts deny motions to transfer a case when the conduct, injuries, and witnesses at issue are spread out over several states and no one state has the clearest connection to the case. Courts find that the place of the alleged wrong does not carry great weight in the balancing of the relevant case contacts when the other key events and witnesses relating to the claim occurred elsewhere. *See, e.g., James J. Flanagan Shipping Corp. v. Mediterranean Shipping Co., S.A.*, No. 1:07-CV-337, 2007 WL 2461817, at *4 (E.D. Tex. Aug. 27, 2007); *Stevens v. General Motors Corp.*, No. 6:06-CV-255, 2006 WL 3375381, at *2 (E.D. Tex. Nov. 21, 2006); *Aldridge v. Forest River, Inc.*, 436 F. Supp. 2d 959, 961 (N.D. Ill. 2006). Indeed, courts routinely deny motions to transfer to the place where the alleged claim arose when other key factors relating to plaintiffs' claims are centered in other states. *See, e.g., Tommy Bahama Group, Inc. v. The*

---

District of New York are most witnesses and documents relevant to Plaintiff's [sic] exposure and medical treatment." *See id.* Though it is impossible to ascertain without plaintiffs' discovery responses, the fact that plaintiffs are current Utah residents indicates that plaintiff Rise Bausch's medical treatment for her alleged injuries may have occurred in states other than New York, leading to potential key witnesses beyond the subpoena power of the forum to which plaintiffs seek transfer.

3   Plaintiffs' counsel's statement in the November 5, 2007 status conference that Lilly agreed to transfer this case during talks with Magistrate Kay is incorrect. Lilly **did not** consent to transfer this case; it merely indicated that, pending further discovery, Lilly may seek to transfer a number of cases if discovery reveals the cases have a stronger connection to a forum other than the District of Columbia.

4

143366v3

*Walking Co.*, No. 1:07-CV-1402-ODE, 2007 WL 3156254, at *2-4 (N.D. Ga. Oct. 19, 2007); *First Nat'l Bank v. El Camino Resources, Ltd.*, 447 F. Supp. 2d 902, 912-14 (N.D. Ill. 2006); *Juarez v. Nat'l R.R. Passenger*, No. 06 C 3681, 2007 WL 2713357, *2-4 (N.D. Ill. Sept. 12, 2007); *FC Inv. Group LC v. Lichtenstein*, 441 F. Supp. 2d 3, 13-15 (D.D.C. 2006).

Plaintiffs inaccurately state that *Decker Coal Co. v. Commonwealth Edison Co.*, 805 F.2d 834 (9th Cir. 1986), stands for the proposition that "when liability and damage witnesses are in different states, the balance of convenience weighs in favor of the place where the claim arose." In *Decker*, the claim arose and the damages witnesses were located in Montana and liability witnesses were located in Illinois and Indiana. The court simply weighed all relevant factors, including the "convenience of witnesses and interests of justice" and determined that Montana was an appropriate forum. *Id.* at 843. "The most critical factor to examine under 28 U.S.C. § 1404(a) is the convenience of the witnesses." *Pyrocap Intern. Corp. v. Ford Motor Co.*, 259 F. Supp. 2d 92, 97 (D.D.C. 2003). *See also Neil Bros. Ltd. v. World Wide Lines, Inc.*, 425 F. Supp. 2d 325, 329 (E.D.N.Y. 2006) ("The convenience of the witnesses is probably the single most important factor in the transfer analysis.").

Though plaintiffs have yet to provide formal discovery responses in this case, it is clear from their motion to transfer that this case involves contacts with many states other than New York, including New Jersey, Florida, and Utah (the state of plaintiffs' residence). It is not at all clear where the liability and damage witnesses will necessarily be located, whether or not New York would be convenient for the witnesses or if a New York court would have subpoena power over these witnesses. It appears that witnesses and documents are spread out over several states. Further, defendants and the Court cannot even assess the number of witnesses likely to be involved in order to more intelligently make this decision. Absent confirmation from plaintiffs'

143366v3

discovery responses, it appears that there is no one state that is the key jurisdiction in which the key witnesses, documents, and events in this case are centered. Accordingly, the court should deny plaintiffs' motion to transfer this case to the Eastern District of New York.

## CONCLUSION

This court should deny plaintiffs' motion to transfer. First, plaintiffs' blatant forum shopping should not be condoned. Second, plaintiffs' motion is premature because plaintiffs have failed to provide discovery responses adequate to support their claim that the key events in this case occurred in the Eastern District of New York. Accordingly, the Court and defendants have no way of ascertaining the key facts in this case necessary to analyze whether this case should be transferred. Finally, if the facts set forth in plaintiff's motion are accepted, it is apparent that the major events underlying this action likely occurred throughout several states. There does not appear to be one key state to which the balance of relevant factors would support transfer. Accordingly, Lilly respectfully requests the Court to deny plaintiffs' motion to transfer this action to the Eastern District of New York.

Respectfully submitted,

/s/ John Chadwick Coots
Michelle R. Mangrum, D.C. Bar No. 473634
John Chadwick Coots, D.C. Bar No. 461979
SHOOK, HARDY & BACON, L.L.P
600 14TH Street, N.W., Suite 800
Washington, D.C. 20005-2004
Phone: (202) 783-8400; Fax: (202) 783-4211

And

David W. Brooks
SHOOK, HARDY & BACON, L.L.P.
2555 Grand Blvd.
Kansas City, Missouri 64108-2613
Phone: (816) 474-6550; Fax: (816) 421-5547
**ATTORNEYS FOR DEFENDANT
ELI LILLY AND COMPANY**

143366v3

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 7th day of November, 2007, a true and accurate copy of Defendant Eli Lilly and Company's Memorandum in Opposition to Plaintiffs' Motion to Transfer to the Eastern District of New York has been furnished by first-class U.S. Mail, postage prepaid, to counsel of record listed below.

Aaron M. Levine
Aaron M. Levine & Associates
1320 19th Street, N.W., Suite 500
Washington, D.C. 20036
**Attorneys for Plaintiffs**

Janet K. Coleman
Daniel Whitney
Whitney & Bogris, LLP
401 Washington Avenue, 12th Floor
Towson, MD 21204
**Attorneys for GlaxoSmithKline,
and Mallinckrodt, Inc.**

Sidney G. Leech
Goodell, DeVries, Leech & Dann, LLP
One South Street, 20th Floor
Baltimore, MD 21202
**Attorneys for Bristol Myers Squibb Company**

Elizabeth Ewert
Drinker Biddle & Reath, LLP
1500 K Street NW, Suite 1100
Washington, DC 20005
**Attorneys for Merck & Company, Inc.,
Pharmacia and Upjohn Company and
Ortho-McNeil Pharmaceutical, Inc.**

Sarah Keast
Goodwin Proctor, LLP
901 New York Avenue, NW, Suite 900
Washington, D.C. 20001
**Attorneys for Premo Pharmaceutical Laboratories, Inc.**

Kathleen M. Bustraan
Lord & Whip, P.A.
Charles Center South, 10th Floor
36 South Charles Street
Baltimore, MD 21201-3020
**Attorney for Lannett Company, Inc.**

Jaime Luse
Tydings & Rosenberg, LLP
100 East Pratt Street, Suite 2600
Baltimore, MD 21202
**Attorneys for Elan Pharmaceuticals**

Jennifer G. Levy
Kirkland & Ellis, LLP
655 Fifteenth Street NW, Suite 1200
Washington, DC 20005-5793
**Attorneys for Abbott Laboratories, Inc.**

             /s/ John Chadwick Coots
             **ATTORNEY FOR DEFENDANT
             ELI LILLY AND COMPANY**

143366v3